**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 16, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARLO J. MIMS,

Defendant - Appellant.

No. 05-3447

(D. Kansas)

(D.C. No. 05-CR-20079-JWL)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

Marlo J. Mims was charged in the United States District Court for the District of Kansas with possession of a firearm by a convicted felon, *see* 18 U.S.C. § 922(g)(1). He was convicted by a jury and sentenced to 235 months' imprisonment. On appeal he challenges one of the jury instructions. We affirm.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I.    BACKGROUND

On the night of February 2, 2005, Officer Jeffrey Gardner of the Kansas City, Kansas, Police Department was patrolling the area near Thirteenth and Quindaro Streets when he observed a speeding car. After a brief pursuit, Mr. Mims, the driver, lost control of the car and struck a utility pole. Officer Gardner stopped his patrol car behind Mr. Mims's now-disabled vehicle. Mr. Mims got out of the car and ran away. Officer Gardner pursued Mr. Mims on foot, catching up to him only after Mr. Mims tripped over a fence that he had knocked down with his car. Mr. Mims then punched Officer Gardner in the face. Officer Gardner struck back, and they exchanged further blows. During the fight Mr. Mims grasped Officer Gardner's service firearm and attempted to pull it out of the holster. The two proceeded to fight for control of the gun, with Mr. Mims initially unable to get control of it because Officer Gardner kept his hand on the holster snap. At some point the snap popped open and, according to Officer Gardner, Mr. Mims stumbled backwards with the gun in his hands. Officer Gardner testified that Mr. Mims was then "in complete and sole possession of th[e] firearm." R. Vol. II at 43. Officer Gardner eventually managed to seize the gun and aim it at Mr. Mims, who fled. Officer Gardner later apprehended Mr. Mims.

## II.   DISCUSSION

Mr. Mims was charged with violating 18 U.S.C. § 922(g), which makes it unlawful for a convicted felon "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  Jury Instruction No. 12 gave the following explanation of possession:

> A person has actual possession of something if he or she knowingly has direct physical control over it at a given time.  If you find beyond a reasonable doubt that Mr. Mims held the firearm even for a mere second or two, then you may find that the firearm was in his possession within the meaning of the word "possess" as used in these instructions, unless you are not persuaded beyond a reasonable doubt that Mr. Mims knew what he possessed was a firearm.

R. Vol. I Doc. 24 at 14.

On appeal Mr. Mims challenges the jury instruction because it "improperly narrow[ed] the jury inquiry from 'direct physical control', to whether the weapon was 'held.'"  Aplt. Br. at 15.  He contends that the "instruction permitted the jury to find [him] guilty from the moment . . . he grabbed the pistol grip" because he could be considered to have "held" the gun although he did not possess sole control over it (inasmuch as Officer Gardner also had his hand on the gun).  *Id.* At trial, however, Mr. Mims did not object on this ground.  His entire objection to the instruction was:

> With respect to Instruction 12, we would object to that, specifically, the second sentence of that. While I'm familiar with both Tenth Circuit and other case law defining transitory or momentary possession, the case at least in the Tenth Circuit that I recall specifically was the one where the person was charged, I think, with an AK-47 or some other kind of assault rifle and the allegation was he carried it from the gun shop and put it in the back of someone's pickup, and the Tenth Circuit basically said you didn't get a momentary or transitory possession instruction in that—based on that base because he denies ever having the gun at all, and so I think in the—I think the court is taking out of context the second-or-two holding of a firearm because the cases that I recall—perhaps the court's research is more extensive than mine because I obviously missed them. I think the instruction as given deprives the jury of the opportunity to evaluate the entire context or totality of the circumstance or the overall fight between Mr. Gardner and Mr. Mims and that, accepting Mr. Gardner's testimony that there was some brief, transitory possession in the context of that fight, I think that deprives the jury of the opportunity to evaluate whether or not in the context of the fight that constitutes the actual ability to have direct physical control over the object.

R. Vol. II at 93-94.

"A party who objects to an instruction . . . must do so on the record, stating distinctly the matter objected to and the grounds of the objection." Fed. R. Civ. P. 51(c)(1). Mr. Mims' objection to Jury Instruction 12 did not distinctly state the issue he now raises on appeal. We therefore review his current claim under the plain-error doctrine. *See United States v. Atencio*, 435 F.3d 1222, 1230 (10th Cir. 2006). On plain-error review we will reverse the judgment below only if "there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial

-4-

proceedings." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc).

Although Mr. Mims points out that the word "held" in the second sentence of the jury instruction may suggest that Mr. Mims could be guilty if he merely had his hand on the gun without having exclusive control over it, such a reading would contradict the clear import of the prior sentence, which equates possession with "direct physical control." The purpose of the second sentence was to clarify the temporal element of the crime, not to alter the meaning of the prior sentence. Even if the possible ambiguity of the second sentence caused the instruction to be erroneous, it was not *plainly* so. Apparently neither party nor the district court perceived this ambiguity at trial. In particular, Mr. Mims does not suggest that the prosecutor argued to the jury that the offense was complete the moment he had his hand on the gun. Mr. Mims has not established plain error.

## III. CONCLUSION

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge