**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 8, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MARLO J. MIMS,

      Defendant-Appellant.

No. 08-3185
(D.C. No. 2:05-CR-20079-JWL-1 and
2:07-CV-02509-JWL)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

Marlo J. Mims ("Mims") applies pro se for a certificate of appealability

("COA") in order to appeal the district court's denial of his motion to vacate, set

aside, or correct his conviction or sentence under 28 U.S.C. § 2255. Exercising

jurisdiction under 28 U.S.C. § 2253(c)(1), we deny a COA and dismiss Mims's

appeal.

I.    Procedural background

Pursuant to 18 U.S.C. § 922(g)(1), Mims was convicted by a federal jury of

possession of a firearm by a convicted felon. See United States v. Mims, 191

_____

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

F. App'x 794, 795-96 (10th Cir. 2006) (unpublished) (summarizing the case's factual background and affirming Mims's conviction on direct appeal).  Based on two prior felony convictions for generic burglary and a felony conviction for aggravated battery, the Presentence Investigation Report ("PSR") calculated his offense level as thirty-three under the Sentencing Guidelines, U.S.S.G. §§ 2K2.1(a)(2); 3A1.2(a); 4B1.4(b)(3)(B) (November, 2004), and the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA").[1]  The PSR further calculated his criminal history category as VI, resulting in a Guidelines sentencing range of 235-293 months.  Mims did not object to the PSR, and the district court sentenced him to 235 months' imprisonment.

On direct appeal, Mims challenged a single jury instruction given at trial; this Court affirmed his conviction.  Mims then sought relief under § 2255, claiming wide-ranging ineffective assistance of counsel at trial, ineffective assistance of counsel on appeal, lack of jurisdiction, and violations of the Fourth, Fifth, and Sixth Amendments.  The district court denied Mims's § 2255 motion as to all but one of his claims, reserving judgment on whether Mims had received ineffective assistance when his counsel failed to raise an objection to the PSR

---

[1]Mims's base offense level for a violation of 18 U.S.C. § 922(g)(1) was 24. That offense level was adjusted upward by three, pursuant to U.S.S.G. § 3A1.2(a), because Mims engaged in a physical struggle over the firearm with someone he knew to be a police officer, risking serious bodily injury to the officer.
    Because Mims was an Armed Career Criminal within the meaning of 18 U.S.C. § 924(e)(1) and U.S.S.G. § 4B1.4(b)(3)(B), his offense level was further adjusted upward to 33.

under Shepard v. United States, 544 U.S. 13 (2005).  After ordering the Government to "submit evidence necessary to show that [Mims's] burglary convictions are qualifying predicate offenses for the ACCA enhancement" (Mem. & Order, 14 Mar. 2008, at 19), the district court reviewed the charging, judgment, and sentencing documents for those convictions and concluded that Mims's Shepard claim was without merit (Mem. & Order, May 5, 2008, at 1-2).  This application for COA followed.

II.    Standard for issuance of COA

We will issue a COA "only 'if the applicant has made a substantial showing of the denial of a constitutional right.'" United States v. Silva, 430 F.3d 1096, 1100 (10th Cir. 2005) (quoting 28 U.S.C. § 2253(c)(2)).  "'A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Id. (quoting Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)).  "In other words, an applicant must show that the district court's resolution of the constitutional claim was either 'debatable or wrong.'" Charlton v. Franklin, 503 F.3d 1112, 1114 (10th Cir. 2007) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

III. <u>Discussion</u>

Because Mims's § 2255 motion and application are <u>pro se</u>, we construe them liberally. See <u>Hall v. Scott</u>, 292 F.3d 1264, 1266 (10th Cir. 2002) (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)).

Mims raises three arguments in his application for COA: (1) that the trial court erred in enhancing his sentence under U.S.S.G. § 2K2.1(b)(5), by adding four points to his offense level; (2) that the trial court erred in not consolidating, under U.S.S.G. § 4A1.2 and 18 U.S.C. § 924(e), his 1989 Kansas conviction and his 1992 Missouri conviction for burglary; and (3) that the trial court erred, under <u>Shepard</u>, in looking at police documents to determine whether his prior convictions for burglary qualified as predicate convictions under the ACCA. We address each argument in turn.

A. *Enhancement under U.S.S.G. § 2K2.1(b)(5)*

Mims did not raise this issue in his direct appeal; therefore, he may not, in the absence of a showing of "cause and actual prejudice," raise it substantively in his § 2255 motion. See <u>United States v. Frady</u>, 456 U.S. 152, 167-68 (1982). Indeed, Mims did not raise the issue in that motion or his supporting Memorandum of Law, either substantively or within his broad claims of ineffective assistance of counsel, as we liberally construe those claims.

Generally, "a litigant's failure to raise an argument before the district court . . . results in forfeiture on appeal." <u>United States v. Jarvis</u>, 499 F.3d 1196, 1201

- 4 -

(10th Cir. 2007). "We have consistently stated that a party may not lose in the district court on one theory of the case, and then prevail on appeal on a different theory." Id. at 1202 (quotation omitted). Therefore, we need not address this argument.

Even if we were to address Mims's argument as to this issue, however, we would deny a COA because Mims's offense level was not enhanced under U.S.S.G. § 2K2.1(b)(5). (PSR at 6.)

B.   *Consolidation of convictions under U.S.S.G. § 4A1.2 and 18 U.S.C. § 924(e)*

Mims next argues that the trial court erred in not consolidating, under U.S.S.G. § 4A1.2 and 18 U.S.C. § 924(e), his Kansas conviction for burglary in 1989 and his Missouri conviction for burglary in 1992. (See R. Doc. #58, Exs. A, B.)

i.   U.S.S.G. § 4A1.2 claim

Once again, Mims did not raise this issue in his direct appeal; therefore, he may not, in the absence of a showing of "cause and actual prejudice," raise it substantively in his § 2255 motion. Frady, 456 U.S. at 167-68. And once again, Mims did not raise the issue in that motion or his supporting Memorandum of Law, either substantively or within his broad claims of ineffective assistance of

counsel, as we liberally construe those claims. Therefore, we need not address this argument, which lacks merit under § 4A1.2.[2]

ii.     18 U.S.C. § 924(e) claim

Construed liberally, Mims's Memorandum of Law in support of his § 2255 motion and his Application for COA argue that Mims received ineffective assistance of counsel at sentencing because his attorney failed to object to the PSR. (Mem. of Law at 21; Application at 5-6.) More specifically, Mims argues that his Kansas conviction for burglary in 1989 (R. Doc. #58, Ex. A) and his Missouri conviction for burglary in 1992 (R. Doc. #58, Ex. B) should have been consolidated and counted as a single predicate "violent felony" for the purposes of the ACCA.

Under the ACCA, a person who violates 18 U.S.C. § 922(g) "and has three previous convictions . . . for a violent felony or a serious drug offense or both, committed on occasions different from one another," 18 U.S.C. § 924(e)(1) (emphasis added), is an armed career criminal whose offense level will be enhanced under U.S.S.G. § 4B1.4. This Court has explained that a defendant is

---

[2]Mims was sentenced under the November, 2004, version of the Guidelines, but argues that current § 4A1.2, which was revised in November 2007, should apply to his sentence. Mims mistakenly asserts that Amendment 433 accomplished this revision, and was made retroactive. In fact, the November 2007 revision to § 4A1.2 was accomplished by Amendment 709, which does not apply retroactively. See U.S. Sentencing Comm'n Guidelines Manual, Supp. to App. C (Nov. 1, 2008); see also U.S.S.G. § 1B1.10(c) (not including 709 among the Guidelines amendments given retroactive effect).

eligible for an enhanced sentence under the ACCA "where his prior convictions 'arise from separate criminal transactions'" that are "'distinct in time.'" United States v. Michel, 446 F.3d 1122, 1134 (10th Cir. 2006) (quoting United States v. Tisdale, 921 F.2d 1095, 1098 (10th Cir. 1990); United States v. Johnson, 130 F.3d 1420, 1430 (10th Cir. 1997)). In Tisdale, we held that where the defendant broke into a shopping mall and, during the same night, "successively" committed burglaries of three different structures within the mall, those three burglaries constituted "separate criminal episode[s]" that counted as predicate violent felonies under § 924(e). 921 F.2d at 1098-99. Here, where Mims's burglaries occurred three years apart, and in two different states, they all the more clearly constitute "separate criminal episodes" that qualify as predicate offenses under § 924(e).

Therefore, we deny a COA on this issue.

C.      *Shepard challenge to predicate convictions under the ACCA*

In Shepard v. United States, 544 U.S. 13, 15-16 (2005), the Supreme Court explained that the ACCA "makes burglary a [predicate] violent felony only if committed in a building or enclosed space ('generic burglary'), not in a boat or motor vehicle." Shepard held that for the purposes of § 924(e), a later sentencing court "determining the character of an admitted [prior] burglary" generally must limit its examination to "the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial

judge to which the defendant assented." Id. at 16. That sentencing court may not "look to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for, generic burglary." Id.

In his Memorandum of Law in support of his § 2255 motion, Mims argued that he received ineffective assistance of counsel because his attorney failed to object to the trial court's adoption of the PSR to prove his predicate violent felonies under the ACCA. (Mem. & Order, 14 Mar. 2008, at 6.) Interpreting the motion liberally, the district court understood Mims's argument to be "that counsel should have objected, making a 'disputed fact,' so that the court would have had to look directly at the judicial documents permissible under Shepard to see if those burglaries were 'generic burglaries' and therefore qualifying offenses." (Id.) Exercising abundant caution as to this claim, the district court ordered the Government to submit those permissible documents for review. (Id. at 7-8.)

After reviewing the charging, judgment, and sentencing documents for Mims's Kansas and Missouri burglary convictions, the district court concluded that both were generic burglaries, and thus qualifying predicate offenses, under § 924(e). (Mem. & Order, 5 May 2008, at 1-2.) Mims challenges that legal conclusion on appeal, and we review it de novo, United States v. Kennedy, 225 F.3d 1187, 1193 (10th Cir. 2000) (quotation omitted).

The Information for Mims's 1989 Kansas conviction for class D burglary charges that he "did unlawfully, willfully, feloniously, knowingly and without authority enter into a building, to-wit: a residence . . . , with the intent to commit a theft therein." (R. Doc. #58, Ex. A at 158.) The Information for Mims's 1992 Missouri conviction for class C burglary charges that he "knowingly entered unlawfully in a building . . . for the purpose of committing stealing therein." (R. Doc. #58, Ex. B.) Under Shepard, both convictions thus constituted generic burglaries and qualifying predicate felonies under § 924(e). Therefore, the district court's conclusion of law was correct, and we deny a COA on this issue.

IV.    Conclusion

For the foregoing reasons, we DENY Mims's request for a certificate of appealability and DISMISS his appeal.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge