**UNITED STATES of America,**
**Appellee,**

v.

**Robert O. HOUMAN, Defendant–**
**Appellant.**

**No. 00–1451.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 22, 2000.

Decided Dec. 12, 2000.

David V. Kirby for Charles R. Tetzlaff, United States Attorney for the District of Vermont (John P. Tavana, on the brief), for Appellee.

Bradley S. Stetler, Stetler, Allen & Kampmann, Burlington, VT, for Defendant–Appellant.

Before CALABRESI and PARKER, Circuit Judges, and TRAGER,* District Judge.

PER CURIAM:

Defendant-appellant Robert O. Houman appeals the sentence imposed by the United States District Court for the District of Vermont (Sessions, *Judge* ) following his plea of guilty to one charge of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). The charge was brought after appellant's housemate, Michael Dubaniewicz, was found shot to death by a .22 caliber rifle. The rifle, which was recovered from bushes behind the house, had recently been purchased by appellant, as had a shotgun. Houman was charged, in three separate counts, with illegally possessing the two firearms, and with a related firearms offense; he pled guilty only to the count concerning the shotgun. The sole issue on appeal is whether the district court properly found that Houman had three prior convictions for violent felonies, triggering application of the Armed Career Criminal 15 year mandatory minimum. *See* 18 U.S.C. § 924(e).

Appellant concedes two prior convictions for violent felonies but contests the district court's determination that a 1975 New Hampshire conviction was a conviction for the violent felony of robbery. Houman acknowledges that (1) the conviction in question arose from a guilty plea following an indictment for robbery, (2) the contemporaneous records of his guilty plea list the charge as robbery, and (3) robbery

* The Honorable David G. Trager, United States District Judge for the Eastern District of New York, sitting by designation.

is a violent felony. He argues, however, that two different print-outs of his criminal history obtained from government sources list the conviction as one for theft, thereby creating factual uncertainty as to whether the felony was violent in character.

■ Appellant's arguments are meritless. We review the district court's factual finding as to the nature of the 1975 conviction under a clear error standard, notwithstanding the fact that the findings were based entirely upon documentary evidence. *See Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). There was no clear error in crediting the contemporaneous court records over the later criminal history tabulations.

■ Moreover, there was nothing improper in the district court's consideration of the crime and conduct alleged in the indictment. The court used this information solely for the purpose of determining whether it was more likely that Houman was convicted of robbery than of theft, not for the purpose of looking beyond the elements of a theft conviction to find that the underlying conduct was violent in nature. *Cf. Taylor v. United States*, 495 U.S. 575, 599–602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (holding that whether a felony was "violent" is determined by reference to the statutory definition of the offense, not the underlying conduct).

Because the 1975 robbery conviction, in combination with those violent felony convictions already conceded, suffices to trigger application of the 15 year mandatory minimum, we need not address the district court's alternative holding that appellant had a fourth violent felony conviction for burglary. We have considered all of appellant's arguments and find them meritless. Accordingly, we AFFIRM.