**UNITED STATES, Appellee,**

v.

**Irvin Lee POPE, Defendant–Appellant.**

**Docket No. 04–4852.**

United States Court of Appeals, Second Circuit.

Sept. 9, 2005.

Tina Schneider, Portland, ME, for Petitioner.

John M. Conroy, Assistant U.S. Attorney (David Kirby, United States Attorney, Paul J. Van de Graaf, Chief, Criminal Division,), Burlington, VT., for Respondent, of counsel.

Present: MESKILL, SACK, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be, and it hereby is, **AFFIRMED.**

Defendant Irvin Lee Pope appeals his conviction, pursuant to a guilty plea, of being a felon in possession of a firearm in or affecting commerce, 18 U.S.C. § 922(g)(1), and his mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e).

### A. Rule 11

 Pope argues that the district court committed plain error by failing to inform him of his right to testify and to present evidence at trial, as required by Fed. R.Crim.P. 11(b). Because Pope did not object before the district court, his Rule 11 claim is reviewed for plain error. *See United States v. Vonn,* 535 U.S. 55, 62–63, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). "In the context of a Rule 11 violation, to show plain error, a defendant must establish that the violation affected substantial rights and that there is 'a reasonable probability that, but for the error, he would not have entered the plea.'" *United States v. Vaval,* 404 F.3d 144, 151 (2d Cir.2005)(quoting *United States v. Dominguez Benitez,* 542 U.S. 74, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004)).

 Even assuming that the district court did commit error by not informing Pope in the exact words of Rule 11(b)(1)(E), Pope has not established that this error affected his substantial rights. He points to nothing in the record that would suggest that "there is 'a reasonable probability that, but for the error, he would not have entered the plea.'" *Id.*

### B. Competency Hearing

Pope argues that the district court should have ordered an evidentiary hearing before sentencing him because there were "numerous signs" that he was incompetent. "A district court's determination that 'reasonable cause' to hold a competency hearing is absent is reviewed only for abuse of discretion." *United States v. Quintieri,* 306 F.3d 1217, 1232–33 (2d Cir. 2002), *cert. denied sub nom. Donato v. United States,* 539 U.S. 902, 123 S.Ct. 2246, 156 L.Ed.2d 110 (2003). "A district court abuses its discretion if it bases its ruling on a mistaken application of the law or a clearly erroneous finding of fact." *United States v. Couto,* 311 F.3d 179, 185 (2d Cir.2002) (internal quotation marks and citation omitted).

"The constitutional right to due process is violated when a person who is incompetent is convicted of a crime, whether the

conviction follows a trial or a plea of guilty." *Harris v. Kuhlmann,* 346 F.3d 330, 349 (2d Cir.2003) (citing *Cooper v. Oklahoma,* 517 U.S. 348, 354, 116 S.Ct. 1373, 134 L.Ed.2d 498 (1996)). A defendant may be presumed to be competent. *See Cooper,* 517 U.S. at 355, 116 S.Ct. 1373. But even when the defendant does not make a timely request for a competency hearing, a hearing must be held when there is reasonable ground to conclude that the defendant may not be competent to stand trial. *See id.* at 354 n. 4, 116 S.Ct. 1373; 18 U.S.C. § 4241(a).

 In this case, the district court did not abuse its discretion in failing to order a competency hearing *sua sponte.* "A failure by trial counsel to indicate that the defendant had any difficulty in assisting in preparation or in comprehending the nature of the proceedings provides substantial evidence of the defendant's competence," *United States v. Kirsh,* 54 F.3d 1062, 1071 (2d Cir.) *cert. denied* 516 U.S. 927, 116 S.Ct. 330, 133 L.Ed.2d 230 (1995) (internal quotation marks and citation omitted), although an assessment of competency by the attorney is not determinative, *see United States v. Hemsi,* 901 F.2d 293, 295–96 (2d Cir.1990). While defense counsel was somewhat equivocal at first, he ultimately told the court that he could not represent that Pope was incapable of understanding the proceedings and that he did not think there was an issue as to Pope's legal competency.

Furthermore, the issues which Pope raises do not indicate that there was reasonable cause to order a competency hearing. First, " '[i]t is well-established that some degree of mental illness cannot be equated with incompetence to stand trial.' " *United States v. Nichols,* 56 F.3d 403, 412 (2d Cir.1995) (quoting *United States v. Vamos,* 797 F.2d 1146, 1150 (2d Cir.1986), *cert. denied,* 479 U.S. 1036, 107

S.Ct. 888, 93 L.Ed.2d 841 (1987)). Rather, "[t]he mental illness must deprive the defendant of the ability to consult with his lawyer 'with a reasonable degree of rational understanding' and to understand the proceedings against him rationally as well as factually." *Id.* (quoting *Dusky v. United States,* 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam)). There was no indication in the record that Pope's panic disorder and depression were inconsistent with this ability.

 Second, his letters to the court, although "meandering," as the court noted, and somewhat "incoherent and rambling," as Pope argues, did not indicate that he lacked a rational and factual understanding of the proceedings against him.

 Third, regarding Pope's behavior during the sentencing hearing, while he was obviously agitated, his behavior was not so bizarre and irrational as to warrant holding a competency hearing despite counsel's statements on the subject. As for the fact that he refused to return to the courtroom after the proceedings resumed, it does not seem that Pope's behavior was beyond his control or a product of a mental defect that rendered him unable to rationally consult with his lawyer and understand the proceedings. *Cf. United States v. Williams,* 113 F.3d 1155, 1160 (10th Cir.1997) (finding defendant's outbursts and hysteria extreme enough to trigger a "bona fide doubt" about the petitioner's competency to stand trial).

 Finally, Pope's alleged attempt to commit suicide does not necessarily, in and of itself, trigger a requirement for a competency hearing. It could indicate that such a hearing would be required if the court also had before it evidence that the defendant committed other extreme irrational acts, *see Drope v. Missouri,* 420 U.S. 162, 179–80, 95 S.Ct. 896, 43 L.Ed.2d 103

(1975), but there was no such evidence here. Thus, the district court did not abuse its discretion by failing to order a competency hearing *sua sponte.*

## C. Prior Convictions Under Armed Career Criminal Act

Insofar as the issue of the applicability of § 924(e) to a defendant involves a legal question, this Court applies a *de novo* standard of review, *see United States v. King,* 325 F.3d 110, 113 (2d Cir.) *cert. denied* 540 U.S. 920, 124 S.Ct. 313, 157 L.Ed.2d 218 (2003), but a district court's factual findings as to the nature of the prior convictions, for purposes of determining whether they qualify under § 924(e), are reviewed under a clear error standard, *see United States v. Houman,* 234 F.3d 825, 827 (2d Cir.2000).

Under 18 U.S.C. 924(e)(1), any person who violates 18 U.S.C. § 922(g) and who has three previous convictions for a violent felony or a serious drug offense must be sentenced to a term of imprisonment of not less than fifteen years. The term "violent felony" is defined, in relevant part, as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary [or] arson." 18 U.S.C. § 924(e)(2)(B).

■ The parties do not dispute that Pope had a prior conviction for arson and battery, both of which qualify as predicate offences under § 922(g). Pope argues, however, that his two convictions for burglary cannot be counted as predicate offenses because they arise from "non generic" statutes. In *Taylor v. United States,* 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), the Supreme Court held that an offense constitutes "burglary"

for purposes of § 924(e) if it "ha[s] the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." "The Act makes burglary a violent felony only if committed in a building or enclosed space ('generic burglary'), not in a boat or motor vehicle." *Shepard v. United States,* — U.S. ——, 125 S.Ct. 1254, 1257, 161 L.Ed.2d 205 (2005).

When a defendant is convicted or pleads guilty to burglary under a non-generic state statute, the federal court must determine "whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense...." *Id.* at 1263. The court's inquiry "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Id.*

Pope's two burglary convictions were under Arkansas' burglary statute, which criminalized unlawful entry into "an occupiable structure." Ark.Code Ann. § 5–39–201 (1989 & 1995). The statute defined "occupiable structure" as a "vehicle, building, or other structure." § 5–39–101. Pope argues that this statute is non-generic, and he argues further that the available court documents listed the location of the burglary with generalized terms such as "Walmarts," "Willie's Discounts," or "Colonial M[o]bile Homes." Pope contends that the "Colonial Mobile Homes" burglary might have involved burglary of the grounds of a trailer lot rather than the mobile homes within it, that mobile homes are vehicles that are not "buildings" or "structures" under *Taylor,* 495 U.S. at 599, 110 S.Ct. 2143, and that "Walmarts" or

"Willie's Discounts" could refer to company trucks or other equipment.

But even if we assume, without deciding, that the Arkansas statute is broader than "generic burglary," and that Pope's 1996 conviction for burglarizing "Colonial Mobile H[o]mes" might not refer to a building, we think it clear beyond a doubt that the references to "Walmarts" and "Willy's Discount" are to buildings housing retail stores.

Thus, Pope's 1989 conviction does qualify as a prior burglary conviction under § 924(e). Taking into account Pope's two prior convictions for battery and arson, Pope has three prior convictions that, together, required the district court to apply the ACCA's fifteen-year mandatory minimum in sentencing him.

### D. Sixth Amendment Claim

Pope also contends that he should not have been sentenced as an Armed Career Criminal without a jury finding beyond a reasonable doubt—or without an admission by him at the change of plea hearing—that he had three prior qualifying felony convictions. Pope essentially argues that the Supreme Court has called into doubt the continuing validity of *Almendarez–Torres v. United States*, 523 U.S. 224, 226–27, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that a prior conviction need not be included in an indictment and proved beyond a reasonable doubt for the purpose of an enhanced sentence for recidivism. Although it is true that *Almendarez–Torres* has been questioned, *see Shepard*, 125 S.Ct. at 1264 (Thomas, J., concurring in part and concurring in judgment), it has not been overruled. We continue to be bound by it.

1. The Honorable Jed S. Rakoff, of the United

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.