10-1773-cr
United States v. Roy

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of November, two thousand eleven.

PRESENT:  AMALYA L. KEARSE,
          PIERRE N. LEVAL,
          DENNY CHIN,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
          Appellee,

          -v.-                                    10-1773-cr

JOHN D. ROY,
          Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -x

FOR DEFENDANT-APPELLANT:      ROBERT J. BOYLE, New York,
                              New York.

FOR APPELLEE:                          BRIAN P. LEAMING, Assistant United
                                       States Attorney (Sandra S. Glover,
                                       Assistant United States Attorney,
                                       on the brief), for David B. Fein,
                                       United States Attorney for the
                                       District of Connecticut, Hartford,
                                       Connecticut.

Appeal from the United States District Court for the District of Connecticut (Burns, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, the sentence is **VACATED,** and the case is **REMANDED** for a Faretta inquiry and for re-sentencing.

Defendant-appellant John D. Roy appeals from a judgment of conviction entered on April 16, 2010, following a jury trial. Roy was convicted of possession of firearms and ammunition by a convicted felon and possession with intent to distribute 100 or more marijuana plants, in violation of 18 U.S.C. § 922(g)(1) and 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), respectively. On April 14, 2010, the district court sentenced Roy principally to a total of 300 months' imprisonment for both offenses. We assume the parties' familiarity with the facts and procedural history, which we reference only as necessary to explain our decision.

Roy raises four grounds on appeal. He argues that the district court: (1) violated his right under the Confrontation Clause by admitting an adverse witness' hearsay testimony; (2) abused its discretion by failing to grant a mistrial when the government, on cross-examination, posed an allegedly improper question; (3) abused its discretion by failing to grant Roy a new

trial when the government allegedly suppressed exculpatory evidence; and (4) failed to ensure that Roy's waiver of counsel and decision to proceed pro se were knowing and voluntary.  Each issue is discussed in turn.

**(1)  Detective Warner's Testimony**

On September 16, 2008, Detective William J. Warner of the City of Middletown Police Department testified before the jury.  The government asked Warner the following question: "Could you tell us, Detective, what was the general nature of the investigation as it was conveyed to you on March 9th of 2007?"  Warner responded: "As it was conveyed to me, an individual had come forward and indicated that a John Roy living at 60 Church Street might be in possession of numerous handguns and assault-type weapons."  On appeal, Roy argues that Warner's in-court reference to a non-testifying witness -- the "individual" -- constitutes hearsay and was admitted by the district court in violation of the Confrontation Clause.

Roy concedes that he did not object to Warner's testimony at trial and that his present argument must therefore be analyzed under the plain-error standard.  See Fed. R. Crim. P. 52(b); see generally Puckett v. United States, 129 S. Ct. 1423, 1428 (2009) ("No procedural principle is more familiar to this Court than that a . . . right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.") (internal quotation marks omitted).  Under the plain-error

-3-

standard, "before an appellate court can correct an error not raised at trial, there must be," inter alia, "(1) 'error,' (2) that is 'plain,' and (3) that 'affect[s] substantial rights.'" Johnson v. United States, 520 U.S. 461, 466-67 (1997) (quoting United States v. Olano, 507 U.S. 725, 732 (1993)). To "'affec[t]' the appellant's 'substantial rights,'" ordinarily the "error must be 'prejudicial,' which means that there must be a reasonable probability that the error affected the outcome of the trial," United States v. Marcus, 130 S. Ct. 2159, 2164 (2010) (quoting Olano, 507 U.S. at 734-35), i.e., "a reasonable probability that, but for [the error claimed], the result of the proceeding would have been different," United States v. Dominquez Benitez, 542 U.S. 74, 81-82 (2004) (internal quotation marks omitted).

We conclude that Roy has not met the plain-error test. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Although the admission of a statement that is hearsay may violate a defendant's Confrontation Clause rights, see Crawford v. Washington, 541 U.S. 36, 61 (2004) (Confrontation Clause focuses on, inter alia, "testimonial statements" of nontestifying declarant), the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted," id. at 59 n.9.

Out-of-court statements not offered for the truth of

-4-

the matter asserted may be admissible as background evidence to "furnish an explanation of the understanding or intent with which certain acts were performed." United States v. Reifler, 446 F.3d 65, 92 (2d Cir. 2006) (internal quotation marks omitted). Background evidence can also "constitute appropriate rebuttal to initiatives launched by the defendant." United States v. Reyes, 18 F.3d 65, 70 (2d Cir. 1994). However, such evidence should be excluded if "its probative value [in its permitted evidentiary use] is substantially outweighed by the danger of unfair prejudice . . . resulting from the impermissible hearsay use of the declarant's statement." United States v. Johnson, 529 F.3d 493, 500 (2d Cir. 2008) (internal quotation marks omitted). "[T]he mere identification of a relevant non-hearsay use of such evidence is insufficient to justify its admission if the jury is likely to consider the statement for the truth of what was stated with significant resultant prejudice." Reyes, 18 F.3d at 70; see Fed. R. Evid. 403.

In the present case, Warner's testimony did not constitute hearsay, and the district court did not commit any Confrontation Clause or evidentiary error, much less plain error, in admitting it at trial. Warner's testimony that an "individual" had stated that Roy "might" have numerous weapons in his house was not offered to prove the truth of that informant's assertion; rather, it was offered to show that the statement was made and to provide background information explaining the impetus for and the sequence of the investigation. The fact that the informant made the statement was relevant in light of Roy's

-5-

assertions prior to and during trial that the police had framed him and manipulated evidence. The probative value of this background evidence outweighed any prejudice to Roy, and therefore the admission of the testimony for its non-hearsay use was appropriate. See Reyes, 18 F.3d at 70.

Moreover, even if the informant's statement that Roy "might" have numerous weapons in his house had been offered for its truth, the statement had little significance in light of the first-hand evidence at trial, which included testimony from friends of Roy who had observed him possess and use firearms and the testimony of several law enforcement witnesses that the search of Roy's bedroom at 60 Church Street recovered numerous firearms. Thus, Roy cannot show that Warner's testimony as to the informant's statement had any effect on his substantial rights. Accordingly, his Confrontation Clause claim fails.

**(2)** **The Government's Question on Cross-Examination**

Roy took the stand in his own defense. On cross-examination, the government asked him whether he had been involved in the sale of cocaine. The government's question arose amidst inquiry regarding Sam Ortiz, a third party who had been mentioned during Roy's direct examination. The government asked Roy: "Isn't it true that Sam Ortiz probably worked for you selling cocaine and marijuana?" The district court had previously precluded testimony regarding cocaine evidence seized at 60 Church Street. Roy argues that the government's question warranted a mistrial.

Generally, "[i]nappropriate prosecutorial comments,

-6-

standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding." United States v. Young, 470 U.S. 1, 11-12 (1985). To warrant reversal, prosecutorial misconduct must cause the defendant such substantial prejudice as to deny the defendant due process. United States v. Carr, 424 F.3d 213, 227 (2d Cir. 2005). We review the district court's denial of a motion for mistrial for abuse of discretion. United States v. Smith, 426 F.3d 567, 571 (2d Cir. 2005).

Here, while the district court sustained Roy's objection to the government's question, it is not at all clear that the question was improper. Roy had volunteered that chemicals found by the police at his residence were not related to drugs, but were used only in making figurines that he sold on eBay. The search of the premises, however, had uncovered cocaine, a digital scale, and a cocaine cutting agent. Hence, the government reasonably believed that the chemicals were for use in processing cocaine and that Roy had opened the door to such inquiry by his volunteered, self-serving, false, innocent explanation. In any event, the prejudicial effect, if any, of the government's question was immediately remedied when the district court struck the question from the record and instructed the jury to disregard the government's question. In the

circumstances here, the government's question could not have affected the outcome of the trial. A mistrial was not warranted.

**(3)  The Government's Alleged Brady Violation**

-7-

Roy asserts that the government withheld exculpatory crime scene photos, in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), thus warranting a new trial.

Under <u>Brady</u>, due process requires that the prosecution disclose evidence favorable and material to the defendant's case. <u>Id.</u> at 87. A <u>Brady</u> violation is established where the non-disclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different result. <u>Strickler v. Greene</u>, 527 U.S. 263, 281 (1999). In reviewing the district court's <u>Brady</u> determination, we "will not disturb the district court's findings of fact in conjunction with a [motion for new trial] unless the findings are clearly erroneous." <u>United States v. Imran</u>, 964 F.2d 1313, 1318 (2d Cir. 1992).

Here, the district court's finding that the government did not suppress exculpatory evidence was not clearly erroneous. The record, as the district court found, does not demonstrate that the prosecution suppressed exculpatory evidence; rather, the record supports the district court's conclusion that Roy was provided the evidence in question before trial. The district court's denial of a new trial on this ground was proper.

**(4)  <u>Roy's Waiver of the Assistance of Counsel</u>**

After trial and before sentencing, the district court granted Roy's motion to waive counsel and proceed <u>pro se</u>. Roy argues that the district court denied his Sixth Amendment right to counsel by neglecting to determine that his waiver of

counsel was knowing and voluntary. The government concedes that a more thorough inquiry was required and that this case should be remanded to ensure that Roy understood the ramifications of his waiver of counsel.

Under Faretta v. California, 422 U.S. 806 (1975), a waiver of the assistance of counsel must be made intelligently and knowingly, with full awareness of the consequences of such a waiver. Id. at 827-28, 835. "[T]he district court should engage the defendant in an on-the-record discussion to ensure that [he] fully understands the ramifications of [his] decision." Torres v. United States, 140 F.3d 392, 401 (2d Cir. 1998). To establish a valid waiver of counsel, a district court must have considered the following factors: (1) whether the defendant understood that he had a choice between proceeding pro se and with assigned counsel; (2) whether he understood the advantages of having one trained in the law to represent him; and (3) whether the defendant had the capacity to make an intelligent choice. United States v. Calabro, 467 F.2d 973, 985 (2d Cir. 1972). We review this claim de novo. See United States v. Carmenate, 544 F.3d 105, 107 (2d Cir. 2008).

Here, the district court did not conduct a Faretta inquiry to ensure that Roy's decision to waive counsel and proceed pro se was knowing and voluntary. Roy submitted two motions to remove his defense counsel and one motion to proceed pro se. After granting Roy's motion to proceed pro se without a hearing, the district court, at the following proceeding, merely asked Roy if he had filed a motion to represent himself, and then

-9-

asked trial counsel to stand-by in case Roy had questions.  The exchange was insufficient under <u>Faretta</u>.  Accordingly, we remand for a <u>Faretta</u> inquiry and for re-sentencing.

## **Conclusion**

We have considered Roy's other arguments and conclude they are without merit.  Accordingly, the judgment of the district court is **AFFIRMED** in part, the sentence is **VACATED,** and the case is **REMANDED** for re-sentencing.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
