12-424
United States v. Ioulevitch

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand thirteen.

Present:
    AMALYA L. KEARSE,
    ROBERT A. KATZMANN,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

    *Appellee*,

        v.                                        No. 12-424

INNA IOULEVITCH,

    *Defendant-Appellant*.

_____

For Defendant-Appellant:        Albert Y. Dayan, Law Office of Albert Y. Dayan, Kew
                                Gardens, N.Y.

For Appellee:                   Serrin A. Turner, Brent S. Wible, Assistant United States
                                Attorneys, *for* Preet Bharara, United States Attorney for the
                                Southern District of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Crotty, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Inna Ioulevitch appeals from a January 18, 2012 judgment of the United States District Court for the Southern District of New York (Crotty, *J.*), convicting her, following her guilty plea, of several counts of bank fraud, credit card fraud, and aggravated identity theft in violation of 18 U.S.C. §§ 1344, 1029(a)(2), and 1028A. On appeal, Ioulevitch contends that the district court's failure to order a competency hearing *sua sponte* denied her due process of law. We presume the parties' familiarity with the facts and procedural history of this case.

The Due Process Clauses of the Fourteenth and Fifth Amendments prohibit the criminal prosecution of a defendant who is not competent to stand trial, *United States v. Quintieri*, 306 F.3d 1217, 1232 (2d Cir. 2002), and that right to due process is violated if a criminal defendant who is incompetent pleads guilty, *Harris v. Kuhlmann*, 346 F.3d 330, 349 (2d Cir. 2003) (citing *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996)). Section 4241(a) of Title 18 obligates a district court to conduct a competency hearing if there exists:

> [R]easonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a). But if no reasonable cause exists, a court has no obligation to hold a competency hearing. *See, e.g.*, *United States v. Nichols*, 56 F.3d 403, 414 (2d Cir. 1995). We review a district court's decision not to order a competency hearing for abuse of discretion. *See*

2

*United States v. Arenburg*, 605 F.3d 164, 169 (2d Cir. 2010) (per curiam). Although the government argues that because Ioulevitch failed to preserve this claim in the district court we should apply a plain error standard of review, *see United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010), we conclude that under either standard of review, Ioulevitch's claim fails.

In support of Iouleveitch's sentencing memorandum, her counsel submitted proof of her depression, anxiety, and insomnia, but he did so only as it related to the sentencing. Although in his December 2, 2011 letter to the district court, her attorney requested an adjournment of sentencing because Ioulevitch had been "unable" to assist him in preparation for sentencing (as a result of medication she had taken), subsequently he informed the district court that he had had a "productive meeting" with the defendant in preparation for her sentencing. After this meeting, at the scheduled sentence date of December 14, 2011, counsel asked the district court for evaluation by a medical expert, which he hoped would assist the court in "structuring a sentence that would accommodate her needs." Because the district court became concerned about the defendant's competency, the court adjourned sentencing and allowed a written report from the defendant's doctor, as well as a psychiatric evaluation from a psychiatrist designated by the government. Even at this point, however, after back-and-forth between the district court and the government about opening the door to a competency hearing, where there had been no prior indication that the defendant was incompetent, or anything but depressed (in the government's view), the defendant's counsel expressly interrupted:

> Judge, I should have spoken perhaps more to the point. *I'm not trying to raise the issue of competency*. I'm trying to raise the issue of perhaps the level, the level of depression at which can help us explore her character as to why this crime occurred, what type of sentencing she should receive to rehabilitate her, and assistance in the preparation of the sentencing memo. I don't think I'm —*I don't believe I'm asking to rise to the level of competency*.

3

App'x 28–29 (emphasis added); *cf. United States v. Kirsh,* 54 F.3d 1062, 1071 (2d Cir. 1995), *cert. denied*, 516 U.S. 927 (1995) (noting that failure by defense counsel to indicate the defendant could not assist in her defense or understand proceedings was "substantial evidence" of competency). *But see United States v. Hemsi*, 901 F.2d 293, 295–96 (2d Cir. 1990) (affirming finding of incompetency where attorney testified in support of competency).

The medical records further support the district court's determination, as they indicate that Ioulevitch's treating psychiatrist found that she was "oriented to time, place, and person," that her thought process was "organized," and that her speech was both "spontaneous" and "organized," none of which indicated that she was unable to understand the proceedings or participate in her defense. *See United States v. Vamos*, 797 F.2d 1146, 1150–51 (2d Cir. 1986) (holding no abuse of discretion where defendant's depression did not link to inability to confer with counsel and prepare defense). Similarly, Iouleveitch's alleged suicidal tendencies and hospitalization for attempted suicide by overdosing on Xanax six weeks before sentencing occurred prior to her "productive meeting" with counsel, and her psychiatrist subsequently found that, in the two sessions following her hospitalization, Ioulevitch was not suicidal. *See United States v. Pope*, 146 F. App'x 536, 539–40 (2d Cir. 2005) (summary order) (noting that attempted suicide does not necessarily require competency hearing). "It is well-established that some degree of mental illness cannot be equated with incompetence to stand trial." *Nichols*, 56 F.3d at 412 (citing *Vamos*, 797 F.2d at 1150). "The mental illness must deprive the defendant of the ability to consult with his lawyer with a reasonable degree of rational understanding and to understand the proceedings against him rationally as well as factually." *Id.* (internal quotation marks omitted) (citing *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)).

4

Finally, the district court had observed Ioulevitch's competence at the guilty plea proceedings, where it engaged her in a colloquy to determine competency; and it observed her again at sentencing, where she expressed herself clearly and coherently. We have frequently reiterated that the district court's determination of competency based on its direct observations of the defendant is entitled to deference. *See Kirsh*, 54 F.3d at 1070; *Quintieri*, 306 F.3d at 1233–34; *Nichols*, 56 F.3d at 411–13. Considering the record in light of the deference owed to the district court's firsthand determination of the defendant's competency, and in light of counsel's express disclaimer that he was suggesting a lack of "competency," the district court did not abuse its discretion in determining that there was no reasonable cause to suggest *sua sponte* that Ioulevitch was incapable of understanding the proceedings or aiding in her defense.[1]

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[1] We have also received and considered the *pro se* supplemental brief filed by Ioulevitch. We decline to address the issues raised in that brief, which we conclude would be more appropriately raised in a petition for habeas corpus pursuant to 28 U.S.C. § 2255. *See United States v. Leon*, 215 F.3d 253, 255-56 (2d Cir. 2000).

5