12-3242-cr
United States v. Roy

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of November, two thousand thirteen.

PRESENT:  GERARD E. LYNCH,
          DENNY CHIN,
          SUSAN L. CARNEY,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,
                    *Appellee,*

          v.                                      No.    12-3242

JOHN D. ROY,
                    *Defendant - Appellant.*

_____

APPEARING FOR APPELLANT:        ROBERT J. BOYLE, Law Office of Robert J. Boyle, New York, New York.


APPEARING FOR APPELLEE:         BRIAN P. LEAMING, Assistant United States Attorney (Robert M. Spector, Assistant United States Attorney, *of counsel*), *for* Deirdre M. Daly, Acting United States Attorney for the District of Connecticut.

_____

* The Clerk of Court is respectfully directed to amend the caption to conform to that above.

FOR AMICUS CURIAE                    TERENCE S. WARD, Federal Defender, *for* Federal Defenders Office for the District of Connecticut.

Appeal from the United States District Court for the District of Connecticut (Ellen Bree Burns, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-appellant John D. Roy appeals from the July 25, 2012 judgment of the United States District Court for the District of Connecticut convicting him of possessing a firearm as a previously convicted felon in violation of 18 U.S.C § 922(g)(1), and of the manufacture and possession with intent to distribute of 100 or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA" or "the Act"), the district court sentenced Roy to 240 months' imprisonment on the firearms count, and 60 months' imprisonment on the marijuana count, with the sentences to run consecutively, for a total of 300 months' imprisonment. We previously affirmed Roy's conviction by summary order, but remanded the case for resentencing. See United States v. Roy, 444 Fed. App'x 480 (2d Cir. Nov. 8, 2011). In the appeal now before us, Roy challenges his sentence, contending that the district court erred by sentencing him under the ACCA because the government failed to prove that he was an armed career criminal within the meaning of the Act. Because we find that the government met its burden of proving that three of Roy's prior convictions were for violent felonies, we now affirm Roy's sentence. We assume the

2

parties' familiarity with the remaining facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"We review de novo all questions of law relating to the district court's application of a federal sentence enhancement." United States v. Beardsley, 691 F.3d 252, 257 (2d Cir. 2012). We review a district court's factual findings regarding the "nature of the [prior] conviction" for clear error. United States v. Houman, 234 F.3d 825, 827 (2d Cir. 2000). But questions that "concern the district court's authority to make a factual finding about the nature of the conviction," Beardsley, 691 F.3d at 257 (internal quotation marks omitted), such as "questions of what documents a district court may rely on to determine the nature of a prior conviction," are questions of law which we review de novo. United States v. Rosa, 507 F.3d 142, 151 (2d Cir. 2007), citing Shepard v. United States, 544 U.S. 13, 16 (2005). "The government bears the burden of showing that a prior conviction counts as a predicate offense for the purpose of a sentencing enhancement." United States v. Savage, 542 F.3d 959, 964 (2d Cir. 2008).

Under the ACCA, a person who violates 18 U.S.C. § 922(g) and has "three previous convictions . . . for a violent felony . . . committed on occasions different from one another . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C § 924(e)(1). Violent felonies include, among others, burglary and arson. Id. § 924(e)(2)(B)(ii). But not every burglary or arson as those terms may be defined under state law constitutes a violent felony within the meaning of the Act. To qualify as a violent felony, a conviction for burglary or arson must be for "generic" burglary or arson,

3

as those terms are used in the criminal codes of most states. See Taylor v. United States, 495 U.S. 575, 598 (1990).

In determining whether a prior conviction can serve as a predicate offense for a federal sentencing enhancement, we generally take a categorical approach. Under the categorical approach, "we consider the offense generically, that is to say, we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." Begay v. United States, 553 U.S. 137, 141 (2008). In certain circumstances, we are permitted to use the modified categorical approach, under which we may consider facts underlying the prior conviction if they are based upon "adequate judicial record evidence," which includes "terms of the charging document, the terms of a plea agreement or transcript of colloquy between the judge and defendant . . . , or . . . comparable judicial record[s] of this information." Shepard, 544 U.S. at 16, 26 (2005). We may look to similar judicial records to determine whether two convictions were "committed on occasions different from one another," 18 U.S.C. § 924(e)(1). See id.

In this case, the government relied on Roy's three prior convictions for burglary and two for arson to establish that he comes within the terms of the ACCA. Roy acknowledged below that the Connecticut arson statutes under which he was convicted are generic arson statutes, see Conn. Gen. Stat. §§ 53a-112(a)(1)(B), 53a-113(a), and that it was therefore unnecessary for the district court to apply the modified categorical approach. See App'x 122 ("[B]ecause arson, we acknowledge, is a generic

4

offense, . . . the Court doesn't have to do the modified categorical approach . . . ."). To prove those convictions, the government offered what purport to be certified copies of records from the Connecticut Superior Court Records Center. On the face of the documents, it is apparent that the arsons occurred on two different dates, at two different locations. To the extent that Roy argues on appeal that the documents submitted by the government were not judicial records and should not have been considered by the district court, that argument was not raised below. Roy did not specifically object to the district court's use of the documents, but instead maintained only that the documents were insufficient to prove two separate arsons. See Def.'s Objection to Presentence Report and Sentencing Mem., United States v. Roy, No. 3:07-cr-00145 (EBB) (D. Conn.), ECF. No. 153, 9-10 (noting that documents do not show that arsons were separated by a "breather"); App'x 122-23 (arguing that documents show arsons were committed on the same night). Our review can only be for plain error, see United States v. Marcus, 560 U.S. 258, 262 (2010), and the record is insufficiently clear for us to conclude that the documents plainly were ones that should not have been considered by the district court. On this record, therefore, we cannot conclude that it was clear or plain error for the district court to have considered these documents and concluded that the arson convictions constituted two distinct violent felonies under the ACCA.[1]

---

[1] We acknowledge that the district court was less than clear which convictions it was relying upon in applying the ACCA enhancement, simply stating that "[a]s to his being an armed career criminal . . . I think the record supports that," App'x 141. Nevertheless, we may affirm a sentencing enhancement "on any basis for which there is a sufficient record to permit conclusions of law, including grounds upon which the district court did not rely." United States v. Broxmeyer, 699 F.3d 285, 287 (2d Cir. 2012)

5

In order to trigger the ACCA enhancement, therefore, the government was only required to prove that Roy was convicted of one additional violent felony. While we have not yet decided whether Connecticut's third-degree burglary statute, Conn Gen. Stat. § 53-100(a), is categorically a violent felony, we need not decide that question here, because we find that under the modified categorical approach Roy's burglary convictions qualified as predicate offenses, even assuming arguendo that the statute does not define generic burglary under the categorical approach.

We find no error in the district court's decision as to at least one of the burglary convictions. The government demonstrated that Roy's conviction for a burglary committed on July 14, 1991, was a conviction for generic burglary by providing excerpts from the instructions that were provided to the jury that convicted Roy. Those instructions made sufficiently clear that Roy was convicted of burglarizing Teddy's Gun Shop, a building as that term is "ordinarily" defined. App'x 71. Although the jury instructions offered by the government appear incomplete, the excerpts were certified by a court reporter as a "true and correct transcript of the stenographic notes given at the hearing," App'x 78, during which Roy was convicted. When the excerpts are read in their entirety, they make plain that the jury necessarily convicted the defendant of robbing Teddy's, a structure. Because such official transcripts are <u>Shepard</u>-approved documents, <u>Shepard</u>, 544 U.S. at 23, the government met its burden of proving that Roy's conviction was for generic burglary. Regardless of the status of Roy's other two burglary

_____

(internal quotation marks omitted), cert. denied, 133 S. Ct. 2786 (2013).

6

convictions, that conviction provides the third predicate offense supporting the district court's application of the ACCA enhancement.

Accordingly, we cannot conclude that the district court committed "clear error," Brown, 529 F.3d at 293, in finding that Roy was an armed career criminal within the meaning of the Act. We have considered Roy's remaining arguments, including his argument that his sentence was substantively unreasonable, and find them to be without merit. For the foregoing reasons, the judgment of the district court is AFFIRMED. The government's pending motion to supplement the record is DENIED as moot.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court