FILED
United States Court of Appeals
Tenth Circuit

October 10, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JEFFREY KIM ROBERTS,

Defendant-Appellant.

No. 06-8148
(D.C. No. 05-CR-299-WFD)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Jeffrey Kim Roberts appeals his sentence of 180 months' imprisonment imposed following his guilty plea on charges that he was a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In a brief filed pursuant to Anders v. California, 386 U.S. 738 (1967), Roberts' counsel moves for leave to withdraw and raises the sole of issue of whether Roberts' four prior

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

burglary convictions were properly classified as "violent felon[ies]" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Because we conclude that the district court properly applied ACCA, we **AFFIRM** Roberts' sentence, **DISMISS** the appeal, and **GRANT** counsel's motion to withdraw.

## I

Acting on a tip from a confidential informant that Roberts was involved in a methamphetamine distribution ring and that Roberts illegally possessed firearms, state law enforcement officers executed a search warrant at Roberts' trailer home near Rock Springs, Wyoming, on September 15, 2005. When the officers arrived with the warrant, they found a resistant Roberts wielding what appeared to be a three-foot stick with knife blades protruding from it. Roberts initially refused to drop the homemade weapon, and the officers were forced to set off a flash-bang device so that they could distract and detain him. Once inside the home, the officers discovered that the confidential informant was at least partially accurate in his allegations—Roberts was armed with more than a stick. He also had a .22 caliber Ruger revolver stashed near the front entryway of the home, less than an arm's length away from where he stood when the officers first approached him. In addition to the gun, the officers' search revealed ammunition, a loaded crossbow, multiple knives, body armor, a gun-cleaning rod, a used gun-cleaning kit, a small amount of marijuana, and drug paraphernalia. What the

officers failed to locate, however, was any meaningful quantity of methamphetamine.

On November 16, 2005, a federal grand jury issued a two-count indictment against Roberts, alleging that he unlawfully possessed a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Roberts initially pleaded not guilty to both counts, but later entered into a written plea agreement with the government in which he agreed to plead guilty to the firearms charge. In exchange for that plea, the government agreed to drop the ammunition charge.

Roberts' Presentence Report ("PSR") calculated an initial 32-point base offense level because he was alleged to have possessed the firearm in connection with another felony offense—the distribution of 453.6 grams of methamphetamine. See U.S.S.G. §§ 2D1.1(c)(5), (b)(1), and 2K2.1(c)(1)(A). After adding two points for Roberts' four prior burglary convictions and subtracting three points for his acceptance of responsibility, the PSR calculated a final adjusted offense level of 31. It also indicated a criminal history category of VI. Taken together, the offense level and criminal history category provided a sentencing range of 188 to 235 months' imprisonment. Because he had previously been convicted of four burglaries in Wyoming, however, the PSR also classified Roberts as an "armed career criminal" subject to a statutory minimum sentence of 180 months under ACCA. See 18 U.S.C. § 924(e)(1).

Responding to the PSR, Roberts advanced two substantive arguments: (1) there was no evidence in the record to support a nexus between his possession of the firearm and his alleged involvement in the distribution of methamphetamine; and (2) he should not have been classified as an "armed career criminal" under ACCA because the government had failed to provide any evidence that his prior burglary convictions constituted violent crimes in accordance with Shepard v. United States, 544 U.S. 13 (2005), and Taylor v. United States, 495 U.S. 575 (1990).

Finding that ACCA applied to Roberts, the district court sentenced Roberts to the mandatory minimum of 180 months' imprisonment. This timely appeal followed.

**II**

If an attorney conscientiously examines a case and determines that any appeal would be wholly frivolous, counsel may "so advise the court and request permission to withdraw." Anders, 386 U.S. at 744. Counsel must submit a brief to both the appellate court and the client, pointing to anything in the record that would potentially present an appealable issue. Id. The client may then choose to "raise any points that he chooses" in response to counsel's brief. Id. If, upon complete examination of the record, the court determines that the appeal is in fact frivolous, it may grant the request to withdraw and dismiss the appeal. Id.

Acting pursuant to Anders in the present case, counsel provided Roberts with a copy of the appellate brief, and Roberts has declined the opportunity to file a pro se brief in response. Counsel's brief raises only one arguably appealable issue: Do Roberts' four prior burglary convictions qualify as "violent felon[ies]" for purposes of ACCA, such that Roberts is subject to a mandatory minimum sentence of 180 months? This issue presents a purely legal question that we review de novo. United States v. Nevels, 490 F.3d 800, 806 (10th Cir. 2007).

ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year, . . . [including] burglary . . . ." 18 U.S.C. § 924(e)(2)(B). To determine whether a particular defendant's state burglary conviction meets this definition, we apply the categorical approach set forth by the Supreme Court in Taylor. Under this approach, we must ascertain whether the elements of the statute under which the defendant was convicted are consistent with the basic elements of "generic burglary," id. at 599, which is defined as a burglary committed in either a building or an enclosed space, but not a burglary committed in a boat or motor vehicle. Shepard, 544 U.S. at 15-16. If the statute at issue criminalizes more than generic burglary, we may look beyond the statute to the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented," to discern the type of burglary for which the defendant was convicted. Id. at 16.

Roberts was convicted under a Wyoming statute that provides: "A person is guilty of burglary if, without authority, he enters or remains in a building, occupied structure or vehicle, or separately secured or occupied portion thereof, with intent to commit larceny or a felony therein." Wyo. Stat. Ann. § 6-3-301(a). Because this statute allows for a defendant to be convicted of burglary within a "vehicle," it criminalizes more than generic burglary. See Shepard, 544 U.S. at 16. We thus turn to the record before us to determine whether any of the relevant documents introduced by the government disclose the specific location in which Roberts committed the burglaries at issue.

At the defendant's sentencing hearing, the government introduced certified copies of each of Roberts' four burglary convictions to prove that he had been convicted of generic burglary. Included within those certified copies were charging documents that indicate that three of the crimes were committed when Roberts entered commercial buildings and that one was committed when he entered a residence. Given that Roberts has not provided any evidence to challenge the accuracy of those documents, we do not hesitate to conclude that his prior crimes constituted "generic burglaries" within the meaning of Shepard and Taylor and are thus "violent felonies" under ACCA. We therefore hold that the district court appropriately classified Roberts as an "armed career criminal" subject to a mandatory minimum sentence of 180 months' imprisonment.

Because Roberts fails to present us with any meritorious grounds for appeal, we **AFFIRM** his sentence, **DISMISS** the appeal, and **GRANT** counsel's motion to withdraw.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge