FILED
United States Court of Appeals
Tenth Circuit

November 4, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

EVERETT BERNARD ROBINSON,

      Defendant - Appellant.

No. 10-6136

(W.D. Oklahoma)

(D.C. Nos. 5:10-CV-00464-R and
5:07-CR-00072-R-1)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

Everett Bernard Robinson, appearing pro se, requests a certificate of

appealability (COA) to appeal the district court's denial of his motion for relief

under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal

dismissal of § 2255 motion). Because each of the issues raised by Mr. Robinson

could have been raised on direct appeal, we deny his request for a COA and

dismiss this appeal.

I.    **BACKGROUND**

Mr. Robinson was found guilty by a jury of possession of a firearm after

having been convicted of a felony. *See United States v. Robinson*, 304 F. App'x

746, 747 (10th Cir. 2008). We affirmed his conviction on direct appeal. *See id.*

at 748. The underlying facts are set forth in our Order and Judgment on

Mr. Robinson's prior appeal and need not be repeated. In that appeal

Mr. Robinson argued:

> [T]he district court (1) erred in denying his motion to dismiss
> because the police officer lacked reasonable suspicion to detain him;
> (2) violated his Confrontation Clause rights by admitting a tape of a
> 911 telephone call; and (3) erred in refusing to give his requested
> jury instruction on the theory of defense of another (which stated that
> Mr. Robinson could defeat the § 922(g) firearms charge if the
> evidence indicated that he was carrying the gun to protect someone
> else from death or serious bodily injury).

He also argued that "(4) the enhancement of his sentence under the Armed Career

Criminal Act violated his substantive due process rights because two of the prior

convictions occurred in 1971 and 1989." *Id*. at 747.

On May 6, 2010, Mr. Robinson filed a motion for relief under § 2255 in the

United States District Court for the Western District of Oklahoma. It alleged that

his conviction was tainted (1) by Officer Kennedy's allegedly false material

statements in his police report, in the probable-cause affidavit, at the suppression

hearing, and at trial; (2) by the use of the unreliable information supplied by the

anonymous 911 caller or callers; (3) by the trial court's application of a

subjective-reasonableness test rather than an objective-reasonableness test in

assessing the validity of the stop of Mr. Robinson; (4) by the denial of his right

under the Confrontation Clause to question under oath the 911 operator; (5) by

the trial court's failure to assess his motion for acquittal under Fed. R. Crim. P.

29(b) in that it did not base its ruling on solely the evidence submitted at the time

of the motion; and (6) by the violation of his rights under the Double Jeopardy Clause when the trial court permitted the government to reopen its case after it had rested.

On May 12 the district court denied the § 2255 motion on the ground that Mr. Robinson had not shown good cause for his failure to raise the same issues on direct appeal. Mr. Robinson moved to reconsider, repeating the claims in his § 2255 motion and arguing that it was impossible for the court to "go over each issue, order the record[,] review the issues raised, and deny the motion" during the six days between the filing of his § 2255 motion and the court's decision. R. at 75. He also filed (1) a motion to disqualify the judge under 28 U.S.C. §§ 144 and 455(a) and (2) an affidavit of bias. The affidavit asserted that the district judge "exhibited extreme prejudice of [Mr. Robinson], and with negative decisions affecting Constitutional rights, . . . made negative aspersions as to [Mr. Robinson's] character," and "completely disregarded the law." *Id.* at 84. It further asserted that the judge "denied the Motion [under 28 U.S.C. § 2255] only six days after it was filed," so "[i]t [was] clear that [the judge] did not give [Mr. Robinson] a fair and just chance to have the issues before an unbias Judge who would obey the law and respect the United States Constitution." *Id.* at 85 (emphasis omitted).

The district court denied the motion to reconsider on the grounds (1) that Mr. Robinson had raised "the same issues in the same manner as in his prior

application for relief under 28 U.S.C. § 2255" and (2) that he "had not established or alleged any basis for not raising the issues he seeks to raise on direct appeal." *Id.* at 87. The court further ruled that its ability to issue a decision within six days of filing does not indicate bias or prejudice nor provide a basis for recusal

Mr. Robinson later filed a motion to amend his motion for reconsideration. It repeated the assertions in his first motion for reconsideration. The sole change was in the first page, which stated that the new motion was filed under Fed. R. Civ. P. 60(b)(3). The district court denied the motion.

## II.    DISCUSSION

In this court Mr. Robinson repeats the claims made in his § 2255 motion. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits," the prisoner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v McDaniel*, 529 U.S. 473, 484 (2000). If the motion was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a

reasonable jurist could not conclude either that the district court erred in dismissing the [motion] or that the [movant] should be allowed to proceed further." *Id*.

Mr. Robinson's claims lack merit for essentially the reasons set forth in the district court's opinion. "[Section] 2255 is not available to test the legality of matters which should have been raised on appeal." *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994) (internal quotation marks omitted). To raise the claims under § 2255, Mr. Robinson must "show cause and prejudice resulting from the [procedural default]." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995). Mr. Robinson, however, has failed even to *allege* good cause for his failure to raise his present claims on direct appeal. No reasonable jurist could debate that the issues should have been resolved differently by the district court.

Finally, it does not appear that Mr. Robinson is raising in this court his claim that the district judge was biased. In any event, he has failed to establish any disqualifying bias.

## III. CONCLUSION

We DENY a COA and DISMISS the appeal. We GRANT Mr. Robinson's motion to proceed *in forma pauperis*. We deny the "Motion for Request to File a

Supplemental Certificate of Appealability" as untimely and duplicative.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge