FILED
United States Court of Appeals
Tenth Circuit

March 8, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

 Plaintiff-Appellee,

v.

ARTHUR EARL TAYLOR,

 Defendant-Appellant.

No. 10-5132

(D.C. Nos. 4:09-CV-00441-TCK-PJC
& 4:05-CR-00023-TCK-1)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE,** Chief Judge, **TACHA,** and **MURPHY**, Circuit Judges.

---

Petitioner Arthur Earl Taylor, a federal prisoner proceeding pro se, seeks a

Certificate of Appealability (COA) pursuant to 28 U.S.C. § 2253 in order to

challenge the district court's denial of his habeas petition filed pursuant to 28

U.S.C. § 2255.  Because Taylor has not made the requisite showing for a COA,

we deny his request and dismiss this matter.

## I.  BACKGROUND

In 2005, Taylor was convicted by a jury in the United States District Court

for the Northern District of Oklahoma of possessing a firearm and ammunition

after a felony conviction, in violation of 18 U.S.C. § 922(g)(1).  ROA, Vol. 1 at 9.

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

The district court sentenced Taylor as an "armed career criminal" pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to 188 months' incarceration based on the findings documented in the presentence investigation report (PSR).[1]  See id. at 9–10.

Specifically, the PSR identified the following four predicate offenses to sentence Taylor pursuant to the ACCA: (1) Escape from a County Jail, Ottawa County, Oklahoma, Case Number CRF-78-714 (Ottawa County Escape Conviction); (2) Second Degree Burglary and Feloniously Pointing a Weapon, Craig County, Oklahoma, Case Number CF-1982-3 (Craig County Burglary Conviction); (3) Escape from a Penal Institution, Pittsburg County, Oklahoma, Case Number CF-1983-396 (Pittsburg County Escape Conviction); and (4) Escape from a Penal Institution, Atoka County, Oklahoma, Case Number CF-1992-65 (Atoka County Escape Conviction).  ROA, Vol. 2 at 14.  As Taylor had at least three prior convictions for "violent felonies," the PSR applied the ACCA

---

[1] An "armed career criminal" is defined as "a person who violates [18 U.S.C. §] 922(g) . . . and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both," 18 U.S.C. § 924(e)(1).  See U.S. Sentencing Guidelines Manual § 4B1.4 (2004).  The term "violent felony" is defined in 18 U.S.C. § 924(e)(2)(B) as:
> any crime punishable by imprisonment for a term exceeding one year . . . that --
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

2

sentencing enhancement resulting in a total offense level of 33.  Id. at 13–14.

Based on the offense level of 33 and his criminal history category of IV, the PSR

identified the applicable sentencing range as 188 to 235 months' incarceration.

Id. at 21.  Taylor did not object to the PSR's findings or calculations.  Id. at 7.

Taylor appealed his conviction arguing that his indictment was improperly

duplicitous, and this court affirmed his conviction.  See United States v. Taylor,

193 F. App'x 793 (10th Cir. 2006).  Taylor then filed a habeas petition pursuant

to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.  ROA, Vol. 1 at

13–16.  In his petition, Taylor argued that his Sixth Amendment right to effective

assistance of counsel was violated because both his trial and appellate counsel

failed to challenge the application of the ACCA enhancement.  Id. at 13.  Based

on the reasoning set forth in Chambers v. United States, 129 S. Ct. 687 (2009),

holding that certain escape offenses did not constitute violent felonies under the

ACCA, Taylor argued that his counsel failed to challenge the use of two escape

convictions – the Atoka County Escape Conviction, and the Pittsburg County

Escape Conviction – as predicate offenses for the enhancement of his sentence.

ROA, Vol. 1 at 13.

The district court denied Taylor's § 2255 petition and his application for a

COA.  Id. at 66, 77–78.  First, because Chambers was decided after Taylor was

convicted and sentenced and given that this circuit's precedent at the time of

Taylor's sentencing categorized all escape convictions as violent felonies under

3

the ACCA, the district court concluded that Taylor could not establish that his counsel's performance was deficient for failing to predict the future change in the law. Id. at 68–69. Second, the district court concluded that, even if counsel's performance was deficient in failing to object, Taylor could not establish that this error was prejudicial. Id. at 69–72.

The district court reasoned that, even if his counsel had challenged the use of the two escape convictions as predicate offenses, the ACCA enhancement would still have applied to Taylor's sentence. Id. As Taylor had not challenged the use of the Ottawa County Escape Conviction and the Craig County Burglary Conviction as predicate offenses, application of the ACCA enhancement would have been appropriate if one other predicate offense qualifying as a violent felony was identified. Id.; see 18 U.S.C. § 924(e)(1). While not separately identified as a predicate offense, the PSR indicated that Taylor had a prior second degree burglary conviction in Logan County, Oklahoma. The district court concluded that this offense constituted a violent felony under the ACCA. ROA, Vol. 1 at 71–72. Further, the district court reasoned that Chambers did not necessitate the exclusion of the Atoka County Escape Conviction because nothing in the record suggested that this offense resulted from a failure to return to custody. Id. at 70. As a result, regardless of whether his counsel had challenged the use of the two escape convictions as predicate offenses, Taylor had at least three prior convictions qualifying as predicate offenses for the ACCA enhancement. Id. at

4

72. Taylor now seeks a COA from this court.

## II. DISCUSSION

A petitioner must obtain a COA to appeal a district court's denial of a habeas petition. 28 U.S.C. § 2253. A COA may be issued only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). To make a "substantial showing," a petitioner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack, 529 U.S. at 484 (internal quotation marks omitted). Because Taylor is proceeding pro se, we construe his pleadings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

In support of his COA application in this court, Taylor claims that his right to effective assistance of counsel was violated by both his trial and appellate counsel failing to object to the use of his Atoka County Escape Conviction and his Pittsburg County Escape Conviction as predicate offenses for the ACCA enhancement. To establish an ineffective assistance of counsel claim, Taylor must demonstrate: (1) that counsel's performance was deficient, meaning that "representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms," Strickland v. Washington, 466 U.S. 668, 687–88 (1984); and (2) that counsel's deficient performance prejudiced him,

5

meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. Taylor cannot establish either component. As a result, he fails to make a substantial showing of a denial of a constitutional right.

A. *Deficient Performance*.

Taylor cannot establish that his counsel performed deficiently by failing to challenge the application of the ACCA enhancement based on the two identified escape convictions. The Sixth Amendment right to effective assistance of counsel does not require counsel to predict future changes in the law. See United States v. Harms, 371 F.3d 1208, 1212 (10th Cir. 2004) ("The Sixth Amendment does not require counsel for a criminal defendant to be clairvoyant."); Brown v. United States, 311 F.3d 875, 878 (8th Cir. 2002) ("[C]ounsel's decision not to raise an issue unsupported by then-existing precedent [does] not constitute ineffective assistance.").

At the time of Taylor's conviction and sentencing, the precedent in this circuit was that all escape offenses were considered violent felonies under the ACCA. See United States v. Moudy, 132 F.3d 618, 620 (10th Cir. 1998); United States v. Moore, 401 F.3d 1220, 1226 (10th Cir. 2005). On January 13, 2009, the Supreme Court decided Chambers, holding that certain types of escape offenses did not constitute violent felonies under the ACCA. Taylor's trial and appellate counsel did not perform deficiently by failing to predict the holding in Chambers.

6

Because Taylor cannot demonstrate that his counsel's performance was deficient, he fails to establish that his right to effective assistance of counsel was violated.

*B. Prejudice.*

Taylor cannot establish that the failure to challenge the use of the two identified escape convictions as predicate offenses for the ACCA enhancement was prejudicial. Assuming, without deciding, that both of the challenged escape convictions would not constitute violent felonies under the ACCA in light of Chambers, the PSR still identified at least three prior convictions that would have qualified as predicate offenses for the ACCA enhancement. Specifically, Taylor did not challenge the use of the Ottawa County Escape Conviction and the Craig County Burglary Conviction. Further, although not explicitly identified as a predicate offense, the PSR documented a prior conviction for Burglary - Second Degree in Logan County, Oklahoma in Case Number CRF-1978-45. ROA, Vol. 2 at 15. According to the PSR, this conviction involved the "breaking open [of] the outer walk in door located on the west side of the building without consent of the owner." Id. Further, in the criminal complaint for this offense, Taylor entered the building "with the wilful, felonious and burglarious intent to steal said property." ROA, Vol. 1 at 45. Taylor pled guilty to this offense. Id. at 46.

A burglary conviction constitutes "burglary" under the ACCA and may be used as a predicate offense for the ACCA enhancement if it has "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or

7

structure, with the intent to commit a crime." <u>Taylor v. United States</u>, 495 U.S. 575, 598 (1998). While the Oklahoma second degree burglary statute defines burglary more broadly than generic burglary under the ACCA, <u>see</u> <u>United States v. Hill</u>, 53 F.3d 1151, 1153 (10th Cir. 1995) (en banc); <u>see also</u> <u>Shepard v. United States</u>, 544 U.S. 13, 15–16 (2005) (limiting generic burglaries under the ACCA to those "committed in a building or enclosed space"), the PSR's notation that this offense involved the breaking into a building with the intent to commit a crime indicates that this offense constituted generic burglary under the ACCA. Thus, this prior burglary conviction would have qualified as a predicate offense for the ACCA enhancement. Because, even when excluding the two challenged escape convictions, he had three prior convictions that qualified as predicate offenses for the ACCA enhancement, Taylor cannot establish that the asserted error was prejudicial.

## III. CONCLUSION

Because Taylor cannot demonstrate that his Sixth Amendment right to effective assistance of counsel was violated, he failed to make a substantial showing that he was denied a constitutional right. Thus, we deny his COA request and dismiss this matter.

Entered for the Court

Mary Beck Briscoe
Chief Judge

8