FILED
United States Court of Appeals
Tenth Circuit

September 17, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

EVERETT BERNARD ROBINSON,

Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

Respondent - Appellee.

No. 13-6135

(W.D. Oklahoma)

(D.C. No. 5:13-CV-00334-R)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner/Appellant, Everett Bernard Robinson, proceeding *pro se*, appeals the denial of a motion he filed in the district court, which the court deemed to be

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

a 28 U.S.C. § 2241 motion. In reality, Mr. Robinson's motion was a second or successive 28 U.S.C. § 2255 petition, for which he failed to receive authorization from this court for its filing. As a result, the district court lacked jurisdiction over the motion and the court should have dismissed the matter for lack of jurisdiction. We accordingly vacate the district court's order for lack of subject-matter jurisdiction, construe Mr. Robinson's notice of appeal and appellate brief as an application for authorization to file a successive § 2255 motion, and deny authorization.

## BACKGROUND

Mr. Robinson was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). We take the relevant facts from our decision in Mr. Robinson's direct appeal, United States v. Robinson, 304 Fed. Appx. 746, 2008 WL 5377743 (10th Cir. 2008):

> On December 9, 2006, at approximately 8:15 p.m., the Oklahoma Police Department [("OCPD")] received a 911 call from the Heritage Point Apartment complex in northeast Oklahoma City. The caller stated that a black man named Everett was outside with a pistol. The caller added that the man was threatening a lady and her daughter, that the man was in the back of the complex, and that he was wearing a white coat.

> Officer Greg Kennedy responded to the call. At the same apartment complex, he had previously investigated domestic disturbances, shootings, and reports of stolen vehicles, and he viewed it as a high crime area.

As he approached the apartment complex in his patrol car, the officer saw a black man, the defendant Mr. Robinson, wearing what appeared to be a white coat. Mr. Robinson looked at Officer Kennedy's car and immediately made an about-face and turned around and walked back behind the building. Officer Kennedy got out of his car, unholstered his gun, and followed Mr. Robinson around the building. There, Officer Kennedy saw Mr. Robinson walking with two women.

Robinson, 304 Fed. Appx. at 748 (internal citations omitted). When Officer Kennedy confronted Mr. Robinson, discovered he had a gun in his pocket, and determined that Mr. Robinson was a convicted felon, the officer arrested Mr. Robinson and took him into custody. Id.

Mr. Robinson was found guilty following a jury trial. His conviction and sentence were affirmed on direct appeal. Robinson, 304 Fed. Appx. 746. Among the issues he raised in his direct appeal, Mr. Robinson argued that the admission of the 911 call violated the confrontation clause. We rejected this argument.

He then filed a 28 U.S.C. § 2255 motion, which was denied, and our court denied a certificate of appealability ("COA"). United States v. Robinson, 401 Fed. Appx. 334, 2010 WL 4358801 (10th Cir. 2010). In that proceeding, he again raised the 911 call, arguing that his conviction was tainted by "the use of the unreliable information supplied by the anonymous 911 caller," and by "Officer Kennedy's allegedly false material statements [in part based on the 911 call] in his police report, in the probable-cause affidavit, at the suppression hearing, and at trial." Robinson, 401 Fed. Appx. at 335. In the decision denying him a COA,

we reminded Mr. Robinson that "[Section] 2255 is not available to test the legality of matters which should have been raised on appeal."  Id. at 336 (quoting United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994) (internal quotation marks omitted)).  We further reminded him that, "[t]o raise claims under § 2255, Mr. Robinson must 'show cause and prejudice resulting from the [procedural default].'"  Id. (quoting United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995)).  Mr. Robinson made no such argument regarding "good cause" in that § 2255 proceeding, nor does he argue good cause for failing to raise his current argument on direct appeal.

Undeterred, Mr. Robinson then filed his current pleading--a pleading entitled  "Independent Action to Set Aside a Judgment for Fraud Expressly Preserved in the Federal Rules of Civil Procedure 60(b) 60(d)(3)."  R. Vol. 1 at 1. He also applied for leave to proceed *in forma pauperis*.  In this "Action," Mr. Robinson again challenges the 911 call and evidence flowing therefrom, contending that, starting with the presentation of the government's case before the grand jury, and continuing throughout the trial and into closing arguments, the government (in particular, the Assistant United States Attorney ("AUSA") Borden, who prosecuted Mr. Robinson) perpetrated a fraud on the court by developing and reinforcing an allegedly false image of Mr. Robinson threatening two women and waving a gun.

What Mr. Robinson fails to understand is that all of these arguments, representing variations on the theme of the impermissibility of the 911 call, or allusions to it, challenge incidents which were evident during trial. Mr. Robinson, through his counsel, was obligated to address such matters at that time. Thereafter, Mr. Robinson was obligated to address any allegation of trial error in his direct appeal. As we reminded Mr. Robinson in our denial of a COA in his first § 2255 proceeding, these arguments and issues cannot be raised by way of subsequent motion or pleading (however denominated) absent a showing of cause and prejudice.

The magistrate judge construed the "Action" as a petition under 28 U.S.C. § 2241, and addressed it on its merits.[1] We disagree with this approach. "[A] habeas petition under § 2241 is not the appropriate vehicle for [a defendant] to challenge the legality of his sentence. 'A petition under . . . § 2241 attacks the execution of a sentence rather than its validity.'" Licon v. Ledezma, 638 F.3d 1303, 1311 (10th Cir. 2011) (quoting Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)). On the other hand, "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." Bradshaw, 86 F.3d at 166. Mr. Robinson clearly attacks the legality of his detention, inasmuch he alleges a trial error rendered his conviction unfair and he seeks to have his conviction vacated. Nonetheless, the district court

---

[1]The district court appeared to take the "Action" as a Rule 60(b) motion. Neither the court nor the magistrate judge considered it as a second or successive § 2255 motion.

stated that, "[i]n light of Mr. Robinson's characterization of this action, the Court declines to construe this as a successive § 2255 motion." Order at 2 n.1, R. Vol. 1 at 56. Thus, the court concluded that Mr. Robinson had failed to meet the stringent standards for establishing a fraud on the court and denied the motion/action. This appeal followed, in which we take a different approach to Mr. Robinson's motion/action.

## DISCUSSION

A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); id. § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

While Mr. Robinson called his motion a "60(b)" motion, we must first consider whether this "60(b)" motion is a true 60(b) motion or a second or successive § 2255 motion. Spitznas v. Boone, 464 F.3d 1213, 1216 (10th Cir. 2006). A 60(b) motion should be treated as a second or successive § 2255 motion "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." Id. at 1215. A 60(b) motion may not be treated as a successive § 2255 motion if it "challenges a defect in the integrity of

-6-

the federal habeas proceeding," as long as "such challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." Id. at 1216.

As indicated above, in both his direct appeal and in his first § 2255 petition, Mr. Robinson challenged the admissibility and/or use of the 911 call, seeking to overturn his conviction. Now, in his purported "60(b)" motion, he attempts yet again to challenge the 911 call and any evidence stemming therefrom reinforcing the claimed "threatening and waving a gun" statements. Despite his efforts to characterize his claim as one of fraud on the court, his claim is, in reality, simply another attack on his conviction. It is therefore a second or successive § 2255 petition, not a true 60(b) motion.

Accordingly, Mr. Robinson must obtain authorization from this court before filing his motion. 28 U.S.C. § 2255(h). A second or successive motion is certified only when "newly discovered evidence" clearly and convincingly establishes that no "reasonable fact finder" would find Mr. Robinson guilty, or he demonstrates the Supreme Court has iterated a new, retroactive rule of constitutional law "that was previously unavailable. " Id. Mr. Robinson makes no such showing. His motion was indisputably successive and unauthorized by this court. In that event, the district court had no jurisdiction to proceed.

**CONCLUSION**

For the foregoing reasons, we VACATE the district court's order for lack of jurisdiction. We DENY Mr. Robinson's application for authorization to file a successive § 2255 motion. We DENY his motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge