**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 9, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EVERETT B. ROBINSON,

    Defendant - Appellant.

No. 17-6046
(D.C. Nos. 5:15-CV-00885-R &
5:07-CR-00072-R-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

In 2007, Everett Bernard Robinson was sentenced to 180 months'
imprisonment under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), for
being a felon in possession of a firearm and ammunition in violation of 18 U.S.C.
§ 922(g)(1). He unsuccessfully pursued a direct appeal and relief under 28 U.S.C.
§ 2255. After the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551
(2015), this court authorized him to file another § 2255 motion, which the district
court denied. Having granted a certificate of appealability (COA) with regard to the

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

assessment of one of Mr. Robinson's ACCA-predicate convictions, we exercise jurisdiction under 28 U.S.C. § 1291 and affirm the denial of relief. We also deny a COA on Mr. Robinson's remaining claims.

## BACKGROUND

A § 922(g) violation generally carries a maximum sentence of ten years' imprisonment. 18 U.S.C. § 924(a)(2). The ACCA, however, requires a minimum sentence of fifteen years' imprisonment for a defendant who violates § 922(g) "and has three previous convictions . . . for a violent felony or a serious drug offense." *Id.* § 924(e)(1). Mr. Robinson's three predicate convictions were (1) a 2005 conviction for assault and battery with a dangerous weapon in violation of Okla. Stat. tit. 21, § 645; (2) a 1989 conviction for second degree burglary in violation of Ark. Code Ann. § 5-39-201; and (3) a 1973 Oklahoma conviction for robbery with a firearm after former conviction of a felony.[1] At his sentencing Mr. Robinson did not contend that any of these convictions failed to qualify as "violent felony" under the ACCA. Instead, he argued that the two older convictions were so stale that to count them violated substantive due process. The district court rejected his contentions and imposed the ACCA-enhanced 180-month sentence. This court affirmed. *United States v. Robinson*, 304 F. App'x 746, 754 (10th Cir. 2008) (unpublished). Mr. Robinson then filed an unsuccessful § 2255 motion, *United States v. Robinson*,

---

[1] This conviction also has been referred to as a 1971 conviction. *See United States v. Robinson*, 304 F. App'x 746, 749 (10th Cir. 2008) (unpublished). While the case was brought in 1971, Mr. Robinson's presentence report reflects that he pleaded guilty to the charge in 1973.

2

401 F. App'x 334, 336 (10th Cir. 2010) (unpublished), and later tried to file an unauthorized second or successive § 2255 motion, *Robinson v. United States*, 544 F. App'x 798, 801 (10th Cir. 2013) (unpublished).

Then in 2015 *Johnson* struck down one of the ACCA's three definitions of "violent felony." As enacted, the ACCA defined "violent felony" as (1) a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another" (§ 924(e)(2)(B)(i), known as the "elements clause"); (2) a felony that is "burglary, arson, or extortion, or involves use of explosives" (the first part of § 924(e)(2)(B)(ii), known as the "enumerated-offenses clause"); and (3) a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the latter part of § 924(e)(2)(B)(ii), known as the "residual clause"). *Johnson* invalidated the residual clause, concluding that it was unconstitutionally vague. 135 S. Ct. at 2557, 2563. The Supreme Court made *Johnson* retroactive to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Hence, this court authorized Mr. Robinson to bring a successive § 2255 motion relying on *Johnson*.

In his successive § 2255 motion, Mr. Robinson argued that his ACCA-enhanced sentence was invalid under *Johnson* because his 2005 Oklahoma conviction for assault and battery with a dangerous weapon and his 1989 Arkansas conviction for second degree burglary qualified as ACCA predicate convictions only

under the residual clause.[2]  The district court held that the Oklahoma conviction satisfied the elements clause and the Arkansas conviction came under the enumerated-offenses clause.  The district court further held that Mr. Robinson could not rely on the Supreme Court's recent decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), because *Mathis* did not announce a new rule of law applicable retroactively to cases on collateral review.  Accordingly, it denied relief.  This court granted a COA to consider the district court's treatment of the Arkansas burglary conviction.

## DISCUSSION

"On appeal from the denial of a § 2255 motion, ordinarily we review the district court's findings of fact for clear error and its conclusions of law de novo." *United States v. Snyder*, 871 F.3d 1122, 1125 (10th Cir. 2017) (internal quotation marks omitted), *petition for cert. filed*, __ U.S.L.W. __ (U.S. Dec. 15, 2017) (No. 17-7157).

## I.    Arkansas Burglary Conviction

*Johnson* invalidated only the residual clause; it explicitly "[did] not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony."  135 S. Ct. at 2563.  After the district court decided Mr. Robinson's § 2255 motion, this court held that a movant is not entitled to relief under *Johnson* where the court could determine that the sentencing

---

[2] In his reply, Mr. Robinson also attacked the third predicate conviction, but the district court declined to address that conviction because he had not raised the issue in his § 2255 motion.  Mr. Robinson does not challenge that decision on appeal.

4

court did not rely on the residual clause, but instead imposed a sentence based on the enumerated-offenses clause. *Snyder*, 871 F.3d at 1130. Mr. Robinson asserts that the record in this case is unclear whether the sentencing court assessed his Arkansas burglary conviction under the enumerated-offenses clause or the residual clause, and therefore he should get the benefit of the doubt as to whether he was sentenced under the residual clause. He further argues that under *Mathis*, it is clear that the Arkansas burglary conviction does not satisfy the enumerated-offenses clause. *See United States v. Sims*, 854 F.3d 1037, 1039-40 (8th Cir. 2017) (analyzing Ark. Code Ann. § 5-39-201(a) under *Mathis*), *petition for cert. filed*, __ U.S.L.W. __ (U.S. Nov. 21, 2017) (No. 17-766).

In *Snyder*, this court recognized that "it may be possible to determine that a sentencing court did <u>not</u> rely on the residual clause—even when the sentencing record alone is unclear—by looking to the relevant background legal environment at the time of sentencing." 871 F.3d at 1129 (internal quotation marks omitted).[3] "A claim does not 'rely' on <u>Johnson</u> if it is possible to conclude, using both the record before the sentencing court and the relevant background legal environment at the time of sentencing, that the sentencing court's ACCA determination did not rest on the residual clause." *Id.* (brackets and internal quotation marks omitted). "[T]he relevant background legal environment is, so to speak, a 'snapshot' of what the

---

[3] This court granted a COA before *Snyder* issued, but both parties had the opportunity to discuss *Snyder* in the briefing. To the extent that the *Snyder* analysis goes beyond the terms of the issued COA, we hereby expand the COA to permit the appropriate analysis. *See United States v. Shipp*, 589 F.3d 1084, 1087 (10th Cir. 2009) (recognizing that this court has the authority to expand a COA).

controlling law was at the time of sentencing and does not take into account

post-sentencing decisions that may have clarified or corrected pre-sentencing

decisions." *Id.* Mr. Robinson was sentenced in 2007, meaning that his sentencing

occurred against the backdrop of both *Taylor v. United States*, 495 U.S. 575 (1990),

and *Shepard v. United States*, 544 U.S. 13 (2005).[4]

Examining the enumerated-offenses clause, *Taylor* held that "a person has

been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted

of any crime, regardless of its exact definition or label, having the basic elements of

unlawful or unprivileged entry into, or remaining in, a building or structure, with

intent to commit a crime." 495 U.S. at 599. That is known as "generic" burglary.

*See id.* *Taylor* further held that to determine whether a conviction is for generic

burglary, courts should employ the "categorical approach," "look[ing] only to the

fact of conviction and the statutory definition of the prior offense." *Id.* at 602. But if

a particular statute defines burglary more broadly than generic burglary (such as a

statute that includes automobiles as well as buildings), a court may also consult the

charging paper and jury instructions to determine whether the jury was actually

required to find the elements of generic burglary. *See id.* In sum, under *Taylor*, "an

offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if

either its statutory definition substantially corresponds to 'generic' burglary, or the

---

[4] Because our review focuses not on current law, but on the law in effect at the time of sentencing, we decline Mr. Robinson's invitation to analyze § 5-39-201(a) (1987) under *Mathis*, 136 S. Ct. at 2256-57, and *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 2285 (2013).

6

charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." *Id.*

*Shepard* applied *Taylor* in the context of prior convictions obtained through guilty pleas. 544 U.S. at 16, 19. Rejecting the government's attempt to introduce documents such as police reports, *Shepard* adhered to "the *Taylor* conclusion, that respect for congressional intent and avoidance of collateral trials require that evidence of generic conviction be confined to records of the convicting court approaching the certainty of the record of conviction in a generic crime State." *Id.* at 23. *Shepard* thus held that to determine whether a guilty plea necessarily admitted the elements of generic burglary, courts may look beyond the statutory definition only "to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Id.* at 26.

Mr. Robinson contends that his statute of conviction was broader than generic burglary. The statute criminalized entry into "an occupiable structure," Ark. Code Ann. § 5-39-201(a) (1987), but in addition to buildings and structures, "occupiable structure" was defined to include vehicles, *see id.* § 5-39-101(1) (1987). According to Mr. Robinson,

> Although the residential burglary statute only includes such alternatives if they are "adapted for overnight accommodation of persons," this qualification does not change the repeated Supreme Court mantra that generic burglary does not include burglary of vehicles. In its 25 years of issuing decisions on the definition of generic burglary, the Supreme Court

7

has never extended the generic definition of burglary to include vehicles "adapted for overnight accommodation of persons."

Aplt. Supp. Opening Br. at 7-8.

In *Snyder*, however, we concluded that "[i]n light of *Taylor*, there would have been little dispute at the time of Snyder's sentencing that his two Wyoming burglary convictions involving occupied structures fell within the scope of the ACCA's enumerated crimes clause," even though "the Wyoming statute under which these convictions arose includes entry of occupied structures or vehicles." 871 F.3d at 1129-30 (brackets and internal quotation marks omitted). That was because "it would have been permissible for the district court to examine the underlying charging documents and/or jury instructions to determine if Snyder was charged only with burglary of buildings. And the [presentence report] in Snyder's case actually did just that, without any objection from Snyder." *Id.* at 1130.[5] Similar to *Snyder*, Mr. Robinson's presentence report examined underlying state-court documents, without any objection by Mr. Robinson, and determined that his Arkansas burglary conviction involved entry into a house. True, the presentence report did not specify the documents upon which it relied, but any error in that regard would be a

---

[5] Similarly, before Mr. Robinson's sentencing, other circuits had referred to state-court documents to determine if a defendant convicted under § 5-39-201 necessarily admitted to or was convicted of the elements of generic burglary. *See United States v. Pope*, 146 F. App'x 536, 540-41 (2d Cir. 2005) (unpublished) (holding that convictions under § 5-39-201 satisfied *Taylor* because court documents established the convictions involved retail stores); *United States v. Thomas*, No. 96-3714, 124 F.3d 209 (8th Cir. Sept. 2, 1997) (per curiam) (table) (holding that a conviction under § 5-39-201 satisfied *Taylor* because the criminal informations identified the structures burglarized as an office and two residences).

8

*Taylor/Shepard* error to which Mr. Robinson could have objected at the time and raised on direct appeal.

Mr. Robinson points out that only a few months before his sentencing, the Supreme Court issued *James v. United States*, 550 U.S. 192 (2007), *overruled by Johnson*, 135 S. Ct. at 2563. In *James*, the Court held that a Florida conviction for attempted burglary qualified as a violent felony under the residual clause. *Id.* at 209. But the conviction at issue in James—*attempted* burglary—explicitly did not qualify as a burglary under the elements or enumerated-offenses clauses. *See id.* at 197. Thus, if it were to count as an ACCA predicate at all, it had to be analyzed under the residual clause. *See id.* In contrast, Mr. Robinson's conviction was for burglary, not attempted burglary, and therefore it was eligible for consideration under the enumerated-offenses clause. In these circumstances, *James* does not indicate that the sentencing court relied on the residual clause rather than the enumerated-offenses clause in sentencing Mr. Robinson.

In short, considering the record in light of the relevant background legal environment, we are unable to conclude that Mr. Robinson's prior Arkansas burglary conviction was considered under the residual clause, rather than the enumerated-offenses clause. "[T]here is no mention whatsoever of the residual clause in the [presentence report] or any of the other district court pleadings or transcripts. Moreover, given the relevant background legal environment that existed at the time of [defendant's] sentencing, there would have been no need for reliance on the residual clause." *Snyder*, 871 F.3d at 1130. As in *Snyder*, Mr. Robinson's

9

claim "is not a true *Johnson* claim, but is rather a poorly disguised claim under *Taylor . . .* , *Shepard . . .* , and their progeny." *Id.* (brackets and internal quotation marks omitted). We therefore affirm the denial of relief under § 2255 with regard to the Arkansas burglary conviction.

## II. Remaining Claims

Mr. Robinson raises several claims in addition to the claim upon which COA was granted. For a COA to issue on these claims, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### A. Oklahoma Assault and Battery with a Dangerous Weapon

The district court held that Mr. Robinson's Oklahoma conviction for assault and battery with a dangerous weapon satisfied the elements clause. Under this circuit's precedent, this conclusion is not reasonably debatable. *See United States v. Taylor*, 843 F.3d 1215, 1222-24 (10th Cir. 2016) (*Tommy Taylor*) (concluding that § 645 satisfies an analogous elements clause), *cert. denied*, 137 S. Ct. 1608 (2017); *see also United States v. Brown*, No. 16-6373, 2017 WL 3772654, at *3 (10th Cir. Aug. 31, 2017) (unpublished) (applying *Tommy Taylor* to conclude that § 645 satisfies the ACCA's elements clause), *petition for cert. filed*, __ U.S.L.W. __ (U.S. Nov. 29, 2017) (No. 17-6993); *United States v. Schubert*, 694 F. App'x 641,

645-46 (10th Cir. 2017) (unpublished) (same). In light of *Tommy Taylor* and its progeny, we deny a COA on this issue.

### B. Independent Due Process Claim

Citing *United States v. Shipp*, 589 F.3d 1084, 1091 (10th Cir. 2009), Mr. Robinson urges the court to allow him to proceed with an independent due process claim. In *Shipp*, the defendant had received an ACCA-enhanced sentence, but a later Supreme Court decision meant that one of his prior convictions did not qualify as a violent felony. *See id.* at 1086, 1090-91. Therefore, the defendant no longer qualified as an armed career criminal. *Id.* at 1091. This court held that "[w]here . . . [the defendant] was sentenced beyond the statutory maximum for his offense of conviction, his due process rights were violated." *Id.* Mr. Robinson argues that, similarly, after *Johnson* he no longer qualifies as an armed career criminal and therefore he was sentenced beyond the statutory maximum.

It is not clear that Mr. Robinson adequately raised this argument before the district court. But in any event, this is a successive § 2255 motion. As such, it is subject to the restrictions of § 2255(h)(2), which requires a movant to rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." *Shipp* is not a Supreme Court case; here, the only applicable "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" is the rule set forth in *Johnson*. It follows that under § 2255(h)(2), Mr. Robinson cannot pursue any claim based on new law except one under *Johnson*. And as discussed above, his *Johnson* claim is meritless. Because no reasonable jurist

11

could debate whether he is entitled to proceed with an independent due process claim, we deny a COA on that issue.

### C.  Claim Regarding Reopening of Government's Case

In his initial pro se request for a COA, Mr. Robinson complained that, after the government had rested and he had moved for acquittal, the trial court allowed the government to reopen its case to present additional evidence.  He contends that the reopening violated his right to due process and subjected him to double jeopardy.

A COA is denied on this claim because it relies on neither newly discovered evidence nor a new rule of constitutional law, as required by § 2255(h).  In fact, Mr. Robinson made this same claim in his first § 2255 motion, and it was rejected because he failed to show good cause why he did not raise the claim on direct appeal. *See Robinson*, 401 F. App'x at 335, 336.

## CONCLUSION

The judgment of the district court is affirmed as to the Arkansas burglary conviction.  A COA is denied as to all other claims.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

12

*United States v. Robinson*, 17-6046

**HOLMES**, Circuit Judge, concurring.

I join in full the well-written order and judgment in this case. I write separately to address the lack of vitality of *United States v. Spring*, 80 F.3d 1450 (10th Cir. 1996). Contrary to the government's arguments, I conclude that *Spring* was not part of "the relevant background legal environment" at the time of Mr. Robinson's 2007 sentencing, *United States v. Snyder*, 871 F.3d 1122, 1129 (10th Cir. 2017), *petition for cert. filed*, ---- U.S.L.W. ---, (U.S. Dec. 15, 2017) (No. 17-7157), because it had been abrogated by the Supreme Court's 2005 decision in *Shepard v. United States*, 544 U.S. 13 (2005).

Specifically, relying on *Spring*, the government argues that the Arkansas burglary statute at issue here that "require[d] that the structure—whether it is a building *or vehicle*—be occupiable" "substantially conformed to the [ACCA's] generic definition of burglary and categorically qualified as a violent felony under the enumerated offense clause." Aplee.'s Br. 24–25 (emphasis added). *See* ARK. CODE ANN. §§ 5-39-101(1), -201 (1987) (proscribing the unlawful entry or remaining in "an occupiable structure," which includes a "building" or "vehicle" that "is customarily used for overnight accommodation of persons"). In 1996, in *Spring*, we did hold that an analogous Texas burglary statute, which defined "habitation" to include a "structure or vehicle that is adapted for the overnight accommodation of persons," qualified as generic burglary under *Taylor v. United States*, 495 U.S. 575 (1990). But the government fails to recognize that the

Court's 2005 decision in *Shepard* abrogated *Spring* on the precise issue for which the government cites it.[1]

Generally, in *Shepard*, the Court held that a sentencing court could not look to police reports or applications for criminal complaints to determine whether a prior guilty plea admitted generic burglary. *See* 544 U.S. at 16, 21, 26. But at the outset of its analysis, the Court specifically stated that the ACCA "makes burglary a violent felony only if committed in a building or enclosed space ('generic burglary'), *not in a boat or motor vehicle*." *Id.* at 15–16 (emphasis added). In explaining its holding in *Taylor*, the *Shepard* Court specifically differentiated between, on the one hand, its narrow interpretation of generic burglary under the ACCA and, on the other, state statutes that the Court deemed to "define burglary more broadly" on the precise ground that those state statutes extended their burglary definitions to include "entries into boats and cars." *Id.* Thus, the Court clearly evinced the view that generic burglary did not extend to

---

[1]     Indeed, Mr. Robinson alluded to this argument in his briefing:

> In those 25 years [prior to *Mathis v. United States*, --- U.S. ----, 136 S. Ct. 2243 (2016)], the Supreme Court has never extended the generic definition of burglary to vehicles "adapted for overnight accommodation of persons" but has repeatedly stated that vehicles are excluded from the generic definition of burglary. In this regard, *Mathis* (to say nothing of *Shepard*, *Nijhawan*, or *Duenas-Alvarez*) *has abrogated Spring*, and this court may not follow it.

Aplt.'s Opening Br. at 26 (emphasis added).

such vehicles. The *Shepard* Court's choice of language is also significant because it altered the requisite analysis by replacing the word "structure," which we interpreted in *Spring*, with the term "enclosed space." *Id.* at 16. By doing so, the Court refocused the analysis; yet, notably, it specifically maintained the exclusion from the definition of generic burglary of boats, cars, and other modes of transportation. As we explained in *United States v. Ramon Silva*:

> By replacing "other structure" with "enclosed space," the Supreme Court has indicated that the scope of generic burglary would encompass not only those spaces that are designed for occupancy and intended for use in one place, but also other, potentially less complete "enclosed spaces," *so long as they do not resemble a boat, motor vehicle, or other mode of transportation.*

608 F.3d 663, 668 (10th Cir. 2010) (emphasis added). Therefore, not only does *Spring*'s analysis rest on a word that the Supreme Court replaced in *Shepard* in shifting the focus of the generic burglary definition (i.e., "structure"), but it also runs counter to *Shepard*'s express exclusion of modes of transportation from that definition. *See Spring*, 80 F.3d at 1462 (holding that "burglary of 'a structure *or vehicle* adapted for the overnight accommodation of persons[]' constitutes the burglary of a 'structure' within the generic definition of *Taylor* and thus within the meaning of section 924(e)(2)(B)(ii)" (emphasis added) (quoting *United States v. Sweeten*, 933 F.2d 765, 771 (9th Cir. 1991), *overruled by United States v. Grisel*, 488 F.3d 844 (9th Cir. 2007) (en banc))).

Tellingly, since *Shepard*, we have not cited *Spring* in either precedential or

3

persuasive authority in defining the scope of generic burglary. *See, e.g.*, *Ramon Silva*, 608 F.3d 663; *United States v. Rivera-Oros*, 590 F.3d 1123 (10th Cir. 2009); *United States v. Cummings*, 531 F.3d 1232 (10th Cir. 2008); *United States v. Taylor*, 415 F. App'x 96 (10th Cir. 2011) (unpublished); *United States v. Mims*, 301 F. App'x 790 (10th Cir. 2008) (unpublished); *United States v. Roberts*, 250 F. App'x 843 (10th Cir. 2007) (unpublished); *United States v. Tenderholt*, 149 F. App'x 805 (10th Cir. 2005) (unpublished); *United States v. Bartlett*, 133 F. App'x 515 (10th Cir. 2005) (unpublished).

Consequently, in my view, *Shepard* abrogated *Spring* and it is no longer good law now—and, more to the point, was not good law at the time of Mr. Robinson's sentencing, rendering the government's reliance on it unavailing. I concur on this very limited ground, while also joining in full the well-written order and judgment in this case.

4